ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| OSVALDO LASANTA FIGUEROA<br><br>Parte Recurrente<br><br>v.<br><br>SISTEMA DE RETIRO DE LA UNIVERSIDAD DE PUERTO RICO, JUNTA DE RETIRO Y JUNTA DE GOBIERNO DE LA UNIVERSIDAD DE PUERTO RICO<br><br>Parte Recurrida | KLRA202300102 | *Revisión Administrativa* procedente de la Junta de Retiro del Sistema de Retiro de la Universidad de Puerto Rico<br><br><br>Sobre:<br><br>Denegatorio Solicitud Retiro por Incapacidad |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y la Jueza Rivera Pérez

Rivera Pérez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico hoy, 31 de marzo de 2023.

Comparece el Sr. Osvaldo Lasanta Figueroa (en adelante, Sr. Lasanta Figueroa) mediante el presente *Recurso de Revisión* y nos solicita la revisión de la *Resolución* emitida el 17 de octubre de 2022 y notificada el 18 de octubre de 2022 por la Junta de Retiro del Sistema de Retiro de la Universidad de Puerto Rico (en adelante, Junta de Retiro). Mediante dicho dictamen, la Junta de Retiro declaró No Ha Lugar el recurso de apelación presentado por el Sr. Lasanta Figueroa. En consecuencia, se confirmó la determinación del Sistema de Retiro de la Universidad de Puerto Rico (en adelante, Sistema de Retiro), mediante la cual se denegó la solicitud de beneficios por incapacidad presentada por el Sr. Lasanta Figueroa.

Por los fundamentos que expondremos, se desestima el *Recurso de Revisión* por falta de jurisdicción por haberse presentado de forma prematura.

Número Identificador
SEN2023 _____

**-I-**

El 25 de febrero de 2020, el Sr. Lasanta Figueroa presentó *Solicitud de Beneficios de Retiro por Incapacidad* ante el Sistema de Retiro.[1] En síntesis, el Sr. Lasanta Figueroa alegó que estaba incapacitado para continuar realizando las funciones de su puesto de Contador IV, por lo que solicitó la aprobación de una pensión por incapacidad.

La solicitud del Sr. Lasanta Figueroa fue denegada por el Sistema de Retiro el 20 de mayo de 2021.[2] Inconforme con dicha determinación, el 10 de junio de 2021, el Sr. Lasanta Figueroa presentó un recurso de apelación ante la Junta de Retiro.[3]

En atención a este recurso, el 19 de julio de 2021, la Junta de Retiro emitió y notificó *Orden,* mediante la cual le concedió un término de treinta (30) días al Sr. Lasanta Figueroa para presentar "cualquier evidencia [o] alegato adicional que entienda necesaria para respaldar las alegaciones de su Apelación."[4] (énfasis en el original omitido). El 3 de agosto de 2021, el Sr. Lasanta Figueroa presentó *Solicitud para Presentación de Alegato o Celebración de una Vista.*[5]

Así las cosas, el 17 de octubre de 2022, la Junta de Retiro emitió la *Resolución* recurrida.[6] Esta fue notificada el 18 de octubre de 2022, según el matasello del correo.[7] Mediante dicho dictamen, la Junta de Retiro declaró No Ha Lugar el recurso de apelación presentado por el Sr. Lasanta Figueroa. En consecuencia, se confirmó la determinación del Sistema de Retiro, mediante la cual se denegó la solicitud de beneficios por incapacidad presentada por

---

[1] *Recurso de Revisión,* pág. 2.
[2] *Íd.*
[3] Apéndice I del *Recurso de Revisión,* págs. 1-3.
[4] Apéndice II del *Recurso de Revisión,* pág. 4.
[5] Apéndice III del *Recurso de Revisión,* pág. 5.
[6] Apéndice V del *Recurso de Revisión,* págs. 7-9.
[7] Apéndice VII del *Recurso de Revisión,* pág. 14.

el Sr. Lasanta Figueroa. En lo pertinente, surge del dictamen recurrido lo siguiente:

> **"NOTIFICACION DE RESOLUCIÓN**
>
> La parte afectada puede ejercer su derecho a recurrir directamente a apelar la presente Resolución ante la Junta de Gobierno de la Universidad de Puerto Rico dentro del término de treinta (30) días subsiguientes a la fecha de notificación de la decisión, según se establece en el Reglamento sobre Procedimientos Apelativos Administrativos de la Universidad de Puerto Rico, Certificación #35, 2018-2019.
>
> [...]
>
> Por otra parte, la parte adversamente afectada por esta Resolución puede solicitar la reconsideración (en adelante la Reconsideración) ante esta Junta dentro del término jurisdiccional de quince (15) días calendarios, desde la fecha de archivo en autos de la notificación de la presente Resolución. **La Junta dentro de los quince (15) días calendarios de haberse presentado dicha Reconsideración podrá considerarla o rechazarla de plano, cuando no actuare dentro de los quince (15) días calendarios. El término de treinta (30) días calendarios para solicitar revisión ante la Junta de Gobierno comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días calendarios, según sea el caso.** La Junta deberá resolver la Reconsideración dentro de noventa (90) días calendarios jurisdiccionales y el término para solicitar revisión ante la Junta de Gobierno de treinta (30) días calendarios empezará a contarse desde la fecha en que se archiva en autos una copia de la notificación de la resolución de la Junta resolviendo definitivamente la Reconsideración. Si esta Junta luego de acoger una Reconsideración, dejare de tomar alguna acción sobre ella dentro de los noventa (90) días calendarios de haber sido radicada, perderá jurisdicción sobre la misma y el término para solicitar la revisión ante la Junta de Gobierno empezará a contarse a partir de la expiración de dicho término de noventa (90) días calendarios. Excepto que la Junta de Gobierno, por justa causa, autorice a esta Junta un tiempo adicional razonable para resolver la Reconsideración."[8] (énfasis suplido).

El 2 de noviembre de 2022, el Sr. Lasanta Figueroa presentó *Solicitud de Reconsideración* ante la Junta de Retiro.[9] Esta fue recibida por la Junta de Retiro en esa misma fecha, según se desprende del ponche.

---

[8] *Íd.*, págs. 7-8.
[9] Apéndice VI del *Recurso de Revisión,* págs. 10-13.

El 16 de noviembre de 2022, el Sr. Lasanta Figueroa presentó *Solicitud de Revisión* ante la Junta de Gobierno de la Universidad de Puerto Rico (en adelante, Junta de Gobierno), mediante correo certificado con acuse de recibo.[10]

Así las cosas, el 6 de marzo de 2023, el Sr. Lasanta Figueroa acudió ante nos mediante el presente *Recurso de Revisión*, en el cual señala los errores siguientes:

> Erró la Honorable Junta de Retiro de la Universidad de Puerto Rico al denegarle al recurrente, Osvaldo Lasanta Figueroa, el derecho a la celebración de una vista adjudicativa, como parte del procedimiento para resolver su apelación.
>
> Erró la Honorable Junta de Retiro de la Universidad de Puerto Rico al concluir que el recurrente, Osvaldo Lasanta Figueroa no está incapacitado para llevar a cabo cualquier tipo de ocupación, toda vez que la conclusión del informe preparado por el psiquiatra es contraria a la normativa establecida por el Reglamento de la propia Junta de Retiro de la Universidad de Puerto Rico, el cual establece que un participante será considerado incapacitado para el desempeño de sus deberes en la posición que ocupa regularmente, o en cualquier otra posición, dentro de su clasificación y escala de salarios, que le asigne la autoridad nominadora.

Examinado el recurso ante nuestra consideración, procedemos a resolver.

- II -

A.

La jurisdicción de un tribunal se define como la autoridad que por una ley o la Constitución se le ha concedido al foro para considerar y decidir casos o controversias. *Cordero v. Oficina de Gerencia de Permisos*, 187 DPR 445, 456 (2012); *Shell v. Srio. Hacienda*, 187 DPR 109, 122 (2012); *Cruz Parrilla v. Depto. Vivienda*, 184 DPR 393, 403 (2012); *Solá Gutiérrez v. Bengoa Becerra*, 182 DPR 675, 682 (2011). En múltiples y variadas ocasiones se ha expresado que los tribunales debemos ser celosos

---

[10] Apéndices VIII y IX del *Recurso de Revisión*, págs. 15-18 y 19, respectivamente.

guardianes de esa jurisdicción que nos ha sido concedida, examinando tal aspecto en primer orden, incluso cuando no haya sido planteado por ninguna de las partes. *Horizon Media Corp. v. Junta Revisora de Permisos*, 191 DPR 228, 234 (2014). Además, se ha señalado que los tribunales no tienen discreción para asumir jurisdicción donde no la hay. *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652 (2014); *Solá Gutiérrez v. Bengoa Becerra, supra*; *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009).

Un recurso tardío es aquel que se presenta pasado el término provisto para recurrir. *Yumac Home Furniture, Inc. v. Caguas Lumber Yard, Inc.*, 194 DPR 96, 107 (2015). Por su parte, un recurso prematuro es aquel que se presenta con relación a una determinación que está pendiente ante la consideración del tribunal apelado, es decir, que aún no ha sido finalmente resuelta. *Íd.* Un recurso prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre. *Íd.* No obstante, existe una importante diferencia en las consecuencias que acarrea cada una de estas desestimaciones. *Íd.* La desestimación de un recurso por ser tardío priva fatalmente a la parte de presentarlo nuevamente, ante ese mismo foro, o ante cualquier otro. *Íd.* En cambio, la desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su consideración. *Íd.*; *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000).

La Regla 83(C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C), autoriza al Tribunal de Apelaciones a desestimar un recurso, a iniciativa propia o solicitud de parte, cuando carezca de jurisdicción para atenderlo.

**B.**

En cuanto a los términos para presentar un recurso de revisión judicial ante el Tribunal Apelativos, la Sección 4.2 de la Ley

Núm. 38-2017, según enmendada, conocida como *"Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico"*, 3 LPRA sec. 9672, dispone lo siguiente:

> "Una parte adversamente afectada por una orden o resolución final de una agencia y **que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente** podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración." (énfasis suplido).

La citada disposición legal expone lo que se conoce como la doctrina de agotamiento de remedios administrativos. La doctrina de agotamiento de remedios administrativos es una norma de autolimitación judicial que pretende lograr que las reclamaciones sometidas inicialmente a la esfera administrativa lleguen al foro judicial en el momento apropiado. *Colón Rivera v. ELA*, 189 DPR 1033, 1057 (2013); *Procuradora Paciente v. MCS*, 163 DPR 21, 35 (2004); *Asoc. Pesc. Pta. Figueras. v. Pto del Rey, Inc.*, 155 DPR 906, 916 (2001). Su propósito principal es evitar una intervención judicial innecesaria y a destiempo que tienda a interferir con el cauce y desenlace normal del procedimiento administrativo. *Procuradora Paciente v. MCS*, supra; *Mun. de Caguas v. AT&T*, 154 DPR 401, (2001); *Igartúa de la Rosa v. ADT*, 147 DPR 318 (1998). De esta forma, la agencia administrativa puede: (1) desarrollar un historial completo del asunto; (2) utilizar el conocimiento especializado o *expertise* de sus funcionarios para adoptar las medidas correspondientes de conformidad con la política pública formulada por la entidad; y (3) aplicar uniformemente sus poderes para poner en vigor las leyes, rectificar oportunamente sus errores o reconsiderar el alcance de sus pronunciamientos. *AAA v. UIA*, 200

DPR 903 (2018); *Procuradora Paciente v. MCS,* supra.

Esta doctrina aplica a aquellos casos en los cuales una parte que instó o tiene instada una acción ante una agencia administrativa, acude luego a un tribunal sin antes haber completado todo el trámite administrativo. Véase, *AAA v. UIA*, supra; *Colón Rivera v. ELA*, supra; *Mun. de Caguas v. AT & T,* supra. Es decir, "[e]l agotamiento de remedios presupone la existencia de un procedimiento administrativo que comenzó, o que debió haber comenzado, pero que no finalizó porque la parte concernida recurrió al foro judicial antes de que se completase el referido procedimiento administrativo". J. Echevarría Vargas, *Derecho Administrativo Puertorriqueño*, 4ta ed. rev., San Juan, Ed. SITUM, 2017, pág. 71.

La doctrina de agotamiento de remedios administrativos no debe ser soslayada, a menos que se configure alguna de las limitadas excepciones que bajo nuestro ordenamiento jurídico justifican preterir el trámite administrativo. Véase, *ORIL v. El Farmer, Inc.*, 204 DPR 229 (2020); *Igartúa de la Rosa v. ADT*, supra. Así, la Sección 4.3 de la Ley Núm. 38-2017, *supra*, dispone que:

> "El tribunal podrá relevar a un peticionario de tener que agotar alguno o todos los remedios administrativos provistos en el caso de que dicho remedio sea inadecuado, o cuando el requerir su agotamiento resultare en un daño irreparable al promovente y en el balance de intereses no se justifica agotar dichos remedios, o cuando se alegue la violación sustancial de derechos constitucionales, o cuando sea inútil agotar los remedios administrativos por la dilación excesiva en los procedimientos, o cuando sea un caso claro de falta de jurisdicción de la agencia, o cuando sea un asunto estrictamente de derecho y es innecesaria la pericia administrativa."

En cuanto a la excepción sobre la "dilación en los procedimientos", el Tribunal Supremo ha indicado que resulta impráctico que un demandante recurra ante un proceso y se vea obligado a agotar remedios administrativos ante la inacción de una agencia para hacer cumplir sus requerimientos. *Asociación de Pescadores v. Marina de Puerto del Rey,* 155 DPR 906 (2001). De

igual forma, ha expresado que el que un remedio administrativo sea lento no debe considerarse justificación para prescindir del requisito de agotamiento, pues se requiere, además, que el trámite administrativo resulte una gestión inútil o que permita un daño irreparable. *S.L.G. Flores Jiménez v. Colberg*, 173 DPR 843 (2008).

Igualmente, el Tribunal Supremo ha resuelto que le corresponde a la parte demandante probar con hechos específicos y bien definidos la necesidad de obviar el cauce administrativo. *Procuradora Paciente v. MCS*, supra. No debemos olvidar que cuando "el agravio sea uno de 'patente intensidad al derecho del individuo que reclame urgente reparación', se puede utilizar el *injunction* para eludir el cauce administrativo". *S.L.G. Flores Jiménez v. Colberg*, supra, pág. 852.

**C.**

El Reglamento sobre Procedimientos Apelativos Administrativos de la Universidad de Puerto Rico, según enmendado, Reglamento Núm. 9054 de 23 de octubre de 2018 (en adelante, Reglamento Núm. 9054), establece las normas que regulan los procedimientos apelativos administrativos para adjudicar una apelación que interponga una persona o una entidad a una o más autoridades apelativas de la Universidad de Puerto Rico por decisión o resolución de una autoridad universitaria. Artículo 4 del Reglamento Núm. 9054, *supra.* Dicho reglamento es aplicable a las apelaciones y reconsideraciones administrativas que se interpongan en la Universidad de Puerto Rico, incluyendo las apelaciones a las autoridades apelativas: rectores, Junta Universitaria, senados académicos, juntas administrativas, Junta de Retiro, presidente de la Universidad y Junta de Gobierno. *Íd.*, Artículo 5.

En cuanto a la jurisdicción de las autoridades apelativas, el Artículo 9 (D) del Reglamento Núm. 9054, *supra,* dispone lo siguiente:

"La Junta de Gobierno entenderá y resolverá las apelaciones que interponga cualquier parte interesada que se considere adversamente afectada por una decisión o resolución emitida por el Presidente de la Universidad de Puerto Rico, la Junta Universitaria, la Junta de Retiro o la Junta de Apelaciones del Personal No Docente del Sistema Universitario."

En cuanto a la disposición del caso en apelación, el Artículo 27 (E) del Reglamento Núm. 9054, *supra*, dispone lo siguiente:

"La orden o resolución final deberá ser emitida por escrito, dentro de los noventa (90) días, después de concluida la vista o de la presentación de las propuestas, determinaciones de hechos y conclusiones de derecho, a menos que este término sea renunciado o ampliado con el consentimiento escrito de todas las partes o por causa justificada."

En cuanto a la reconsideración ante los foros apelativos, el Artículo 29 (A) del Reglamento Núm. 9054, *supra*, dispone lo siguiente:

"Cualquiera de las partes podrá solicitar la reconsideración de toda resolución u orden parcial o final, o parte de ella emitida por una autoridad apelativa dentro del plazo de diez (10) días contados a partir de la fecha de notificación. Dicha autoridad apelativa decidirá en su discreción, si ha de reconsiderar su resolución u orden según solicitado, en cuyo caso así lo hará constar mediante notificación a las partes dentro del plazo de diez (10) días, a partir de la fecha de notificación en que se solicite dicha reconsideración. En ausencia de notificación alguna de las autoridades apelativas en que expresamente se haga constar su intención de reconsiderar, se entenderá rechazada de plano la solicitud. Estos trámites de solicitud de reconsideración interrumpirán los plazos para solicitar apelación al foro correspondiente.

Si la autoridad apelativa acoge la moción de reconsideración, pero deja de tomar alguna acción con relación a la moción dentro de los sesenta (60) días de esta haber sido radicada, perderá jurisdicción sobre la misma, y el término para acudir al siguiente foro apelativo empezará a contarse a partir de la expiración de dicho término de sesenta (60) días, salvo que la autoridad apelativa, por justa causa y dentro de esos sesenta días (60) días, prorrogue el término para resolver por un período que no excederá de treinta (30) días adicionales."[11]

---

[11] El Artículo 29 del Reglamento Núm. 9074, *supra*, fue enmendado recientemente mediante Enmiendas al Reglamento de Procedimientos Apelativos Administrativos de la Universidad de Puerto Rico, Reglamento Núm. 9372 de 11 de abril de 2022.

En cuanto a la reconsideración ante la Junta de Gobierno, el Artículo 29 (B), (C) y (D) del Reglamento Núm. 9054, *supra*, dispone lo siguiente:

"**B. Reconsideración ante la Junta de Gobierno**

1. La parte adversamente afectada por una resolución u orden, parcial o final, de la Junta de Gobierno podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden ante la Junta de Gobierno.

2. La Junta de Gobierno dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechaza de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión judicial comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso.

3. Si se tomare alguna determinación en reconsideración, el término para solicitar revisión ante el Tribunal de Apelaciones empezará a contarse desde la fecha en que archiva en autos una copia de la notificación de la resolución de la Junta de Gobierno, resolviendo definitivamente la moción. Dicha resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción.

4. Si la Junta de Gobierno acoge la moción de reconsideración, pero deja de tomar alguna acción con relación a la moción dentro de los noventa (90) días de ésta haber sido radicada, perderá jurisdicción sobre la misma, y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días, salvo que la Junta de Gobierno, por justa causa y dentro de esos noventa (90) días, prorrogue el término para resolver por un período que no excederá de treinta (30) días adicionales.

C. Si la fecha de archivo en autos de copia de la notificación de la orden o resolución es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo.

D. El término para revisión judicial ante el Tribunal de Apelaciones es de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la resolución final, o a partir de la fecha en que se archive en autos copia de la resolución resolviendo definitivamente la moción de reconsideración, según sea el caso. La parte notificará la presentación de la revisión a la Universidad y a todas las partes dentro del término para solicitar dicha revisión."

**III**

En el *Recurso de Revisión*, el Sr. Lasanta Figueroa señala que erró la Junta de Retiro "al denegarle [...] el derecho a la celebración de una vista adjudicativa, como parte del procedimiento para resolver su apelación" y al concluir, en síntesis, que no estaba incapacitado para realizar su trabajo.

Examinado el expediente del presente caso, encontramos que, el 16 de noviembre de 2022, el Sr. Lasanta Figueroa presentó *Solicitud de Revisión* ante la Junta de Gobierno. Sin embargo, no obra en este expediente documento alguno que acredite que el proceso apelativo ante la Junta de Gobierno culminó, por lo que entendemos que el mismo está en curso. Desconocemos la etapa procesal en que se encuentra este caso ante la Junta de Gobierno.

Como expusimos, la Junta de Gobierno es el organismo administrativo apelativo con autoridad para entender y resolver las apelaciones que interponga cualquier parte interesada y que se considere adversamente afectada por una decisión o resolución emitida por la Junta de Retiro. Contra el dictamen **emitido por la Junta de Gobierno**, la parte interesada podrá presentar un recurso de revisión ante este Tribunal de Apelaciones.

Por lo tanto, no habiendo culminado el proceso apelativo ante la Junta de Gobierno, concluimos que el Sr. Lasanta Figueroa no ha completado todo el trámite administrativo ante dicho organismo administrativo apelativo. El Sr. Lasanta Figueroa tampoco ha demostrado que existe alguna de las limitadas excepciones que bajo nuestro ordenamiento jurídico justifican preterir dicho trámite. Siendo esto así, determinamos que no tenemos jurisdicción para atender el presente *Recurso de Revisión* por haberse presentado de forma prematura. Una vez el Sr. Lasanta Figueroa haya agotado todos los remedios administrativos provistos, podrá recurrir en alzada del dictamen final que en su día emita la Junta de Gobierno.

**IV**

Por los fundamentos antes expresados, se desestima el recurso de revisión por ser prematuro.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones