Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE SAN JUAN
PANEL XI

| | | |
|---|---|---|
| VÍCTOR VEDOVATO Y SHARI VEDOVATO<br><br>Querellantes - **Recurridos**<br><br>V.<br><br>JOVA ENTERPRISES, LLC H/N/C PUERTO RICO SOTHEBY'S INTERNATIONAL Y ORIANA JUVELIER<br><br>Querellados - **Recurrentes**<br><br>SARAH O'BRIEN GREENE-FLAHERTY<br><br>Parte Interesada **Recurrente** | KLRA202300091<br><br>Consolidado con:<br><br>KLRA202300092 | *Revisión de Decisión Administrativa* procedente del Departamento de Asuntos del Consumidor<br><br>Caso Núm.: SAN-2021-0009172<br><br>Sobre: Bienes Raíces (Ley Núm. 10 de 26 de abril de 1994, según enmendada) |

Panel integrado por su presidenta; la Juez Lebrón Nieves, el Juez Adames Soto y la Jueza Martínez Cordero

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 28 de abril de 2023.

Comparecen Jova Enterprises, LLC, h/n/c Sotheby's International, Inc. (en adelante, PRSIR o parte recurrente) y la señora Oriana Juvelier, (en adelante, señora Juvelier o parte recurrente), mediante recurso de *Revisión Judicial* con identificación alfanumérica KLRA202300091 y, la señora Sarah O'Brien Greene-Flaherty (en adelante, señora O'Brien o parte recurrente), mediante recurso de *Revisión Judicial* con identificación alfanumérica KLRA202300092. En ambos recursos, los recurrentes nos solicitan la revisión de una *Resolución* emitida y notificada el 25 de enero de 2023, por el Departamento de Asuntos al Consumidor (DACO), mediante la cual, declaró CON LUGAR una *Querella* presentada por

Número Identificador

SEN2023 _____

el matrimonio del señor Víctor M. y la señora Shari Vedovato, (en adelante, matrimonio Vedovato o parte recurrida). Consecuente a ello, la agencia ordenó a los recurrentes de epígrafe, devolver a la parte recurrida un depósito realizado por el matrimonio Vedovato a la señora O'Brien, en atención a un contrato suscrito por ambos.

Adelantamos que, por los fundamentos que expondremos a continuación, se desestiman los recursos de epígrafe por falta de jurisdicción, al haberse incoado los mismos de manera prematura. Se devuelve el caso a DACO para la continuación de los procedimientos.

**I**

Conforme surge del expediente, el 11 de junio de 2021, el matrimonio Vedovato presentó una *Querella* ante DACO, Querella Núm. SAN-2021-009172, contra PRSIR y la señora Juvelier. Allí, la parte recurrida alegó que, el 7 de mayo de 2021, suscribió un documento intitulado *Purchase and Sale Contract* (el Contrato), mediante el cual, pactaron con la señora O'Brien los términos y las condiciones que regirían en la compra y venta de la residencia principal de esta última, ubicada en Dorado. A esos efectos, las partes acordaron que el precio de venta del inmueble sería de cinco millones de dólares ($5,000,000.00). En adición, las partes convinieron que, el matrimonio Vedovato le entregaría a la señora O'Brien la suma de quinientos mil dólares ($500,000.00), por concepto de depósito. Asimismo, por medio del aludido Contrato, el matrimonio Vedovato se obligó a cerrar el negocio de compraventa en o antes del 6 de junio de 2021.

Es menester destacar que, el Contrato contenía una cláusula la cual disponía que, la parte recurrida, como compradora, tenía derecho a inspeccionar la propiedad en cuestión, por medio de un profesional licenciado y certificado. La misma cláusula estipulaba, además, que, la inspección debía llevarse a cabo durante un periodo

de veinte (20) días, contados a partir de la fecha en la que se firmase el Contrato. De no llevarse a cabo la referida inspección, se aceptaría automáticamente el estado del inmueble. En adición, la cláusula indicaba que, independientemente de los resultados de la inspección, ello no era causa para que el matrimonio Vedovato prescindiera del Contrato, por lo que estaba obligado a cerrar la compra en la fecha de cierre, según estipulada.[1]

A tales efectos, el matrimonio Vedovato alegó en su *Querella* que, contrató los servicios del inspector certificado, señor Felipe Muñoz, (en adelante, el inspector) para que llevara a cabo la aludida inspección. No obstante, según adujo la parte recurrida, aunque la inspección se llevó a cabo dentro de los días pactados en el Contrato, a la fecha del 3 de junio de 2021, esta no había recibido el informe final por parte del inspector. Alegó, además, que, por conversaciones preliminares con el inspector, obtuvo información sobre las condiciones del inmueble, que desconocía y, con las cuales no estaba de acuerdo. En vista de ello, el matrimonio Vedovato cursó una misiva a la señora Juvelier en donde solicitó una extensión del término pactado en el Contrato. Sin embargo, según surge, al día siguiente, 4 de junio de 2021, la señora O'Brien denegó la solicitud de extensión del término.

Consecuentemente, conforme sostuvo el matrimonio Vedovato, este le solicitó a la señora Juvelier y a la señora O'Brien la devolución del depósito de quinientos mil dólares ($500,000.00), como producto de los resultados del informe llevado a cabo por el inspector. No obstante, arguyó el matrimonio Vedovato que, si bien la señora Juvelier no contestó a la misiva sobre la devolución del depósito, la señora O'Brien sí respondió, denegando la misma.

---

[1] Véase Apéndice de la parte recurrente, del recurso de *Revisión Judicial* KLRA202300091, pág. 49.

Así las cosas, en su *Querella,* el matrimonio Vedovato solicitó a DACO la devolución del depósito y, además, que se declarase nulo el Contrato suscrito con la señora O'Brien. Sobre esto último, la parte recurrida sostuvo que, el Contrato contenía cláusulas contrarias a derecho, y carecía de elementos esenciales, propios de los contratos en Puerto Rico.

En lo pertinente, luego de presentada la *Querella,* el 16 de junio de 2021, PRSIR y la señora Juvelier presentaron a DACO una *Solicitud de Resolución Sumaria al Amparo de la Regla 11 del Reglamento de Procedimientos Adjudicativos.*[2] Mediante esta, sostuvieron que, el remedio solicitado por medio de la *Querella* se había tornado académico, puesto que, el depósito reclamado había sido consignado ante el Tribunal de Primera Instancia.[3] En consecuencia, manifestaron que, la *Querella* debía ser cerrada y archivada, de manera sumaria. A raíz de ello, el 2 de septiembre de 2021, la parte recurrida presentó su *Oposición a Solicitud de Resolución Sumaria al Amparo de la Regla 11 del Reglamento de Procedimientos Administrativos.* En virtud de esta, el matrimonio Vedovato sostuvo que, DACO era la agencia administrativa con jurisdicción para atender la cuestión planteada en la *Querella,* y que la doctrina de academicidad no podía aplicarse puesto que, (1) la cuestión planteada era susceptible de repetición y, (2) porque existían consecuencias colaterales que lo impedían.

---

[2] En su escrito, PRSIR y la señora Juvelier alegaron que, recibieron copia de la referida *Querella* por correo electrónico y que, el documento no suponía una notificación oficial de la agencia. En relación a ello, conforme surge del expediente, DACO notificó la *Querella* a PRSIR y a la señora Juvelier el 17 de junio de 2021, es decir, un día después de estas haber presentado su *Solicitud de Resolución Sumaria.*

[3] Según surge del expediente, una *Moción de Consignación* fue presentada ante el foro primario el 25 de junio de 2021, por PRSIR. Junto a la *Moción,* PRSIR anejó un cheque por la cantidad de $492,464.44, pagadero a la orden del Secretario del Tribunal de Primera Instancia de Bayamón. En su *Moción,* PRSIR sostuvo que, la diferencia entre la cantidad del cheque y la cantidad del depósito, a saber, $7,535.56, había sido retirada luego de la autorización de las partes suscribientes en el Contrato, con el propósito de reconectar el servicio de energía eléctrica en el inmueble en cuestión.

Posteriormente, el 12 de octubre de 2021, PRSIR y la señora Juvelier presentaron una *Moción Asumiendo Representación Legal; Reiterando Solicitud de Resolución Sumaria por Academicidad; Oposición a Solicitud para Enmendar Querella y en torno a Escritos de los Querellantes*. En lo aquí pertinente, PRSIR y la señora Juvelier reiteraron su postura en cuanto a que la *Querella* debía desestimarse por academicidad, mediante resolución sumaria.

Transcurrido casi un (1) año, el 7 de septiembre de 2022, DACO emitió una *Notificación de Orden y Citación de Vista Administrativa,* mediante la cual señaló una vista para el 11 de octubre de 2022. Ante ello, el 16 de septiembre de 2022, la señora O'Brien presentó una *Moción Urgente para que se Mantengan en Suspenso los Procedimientos*. Asimismo, PRSIR y la señora Juvelier presentaron una *Moción solicitando Paralización de los Procesos, Término para Contestar la Querella y Acumular Partes Indispensables y Notificación a través de Representación Legal*. En esencia, ambas partes solicitaron la paralización de los procedimientos ante la agencia administrativa, hasta tanto varios procedimientos relacionados al caso, y que se encontraban ante los foros judiciales, estuviesen resueltos de manera final y firme.[4]

El matrimonio Vedovato se opuso a ambas solicitudes de paralización, el 6 de octubre de 2022. Mediante su *Enérgica Oposición a Ambas Mociones Solicitando Paralización o Suspensión de los Procedimientos Administrativos y Otros Extremos*, el matrimonio Vedovato sostuvo que, las partes querelladas se habían

---

[4] El 14 de junio de 2021, la señora O'Brien presentó una *Demanda* ante el Tribunal de Primera Instancia, en la que solicitó el depósito de quinientos mil dólares ($500,00.00) consignado, por entender que el mismo le pertenecía, a tenor con las cláusulas del contrato suscrito entre esta y el matrimonio Vedovato. Tras varios trámites procesales, el 2 de febrero de 2022, notificada el 3 de febrero de 2022, el foro primario emitió una *Sentencia* a través de la cual paralizó los procedimientos judiciales, hasta tanto DACO dilucidara la controversia ante su consideración. Dicha *Sentencia* fue confirmada por un panel hermano de este Tribunal de Apelaciones, el 6 de junio de 2022, en el caso KLAN202200151. Posteriormente, la señora O'Brien acudió mediante recurso de *Certiorari* ante el Tribunal Supremo, CC-2022-0535, y el mismo fue declarado No Ha Lugar el 21 de octubre de 2022.

excedido del término dispuesto en ley de veinte (20) días para replicar a la *Querella*, por lo que debía anotársele la rebeldía a ambas. En adición, el matrimonio Vedovato solicitó la recalendarización de la vista señalada. No obstante, según surge del expediente, la vista se llevó a cabo en el día señalado, el 11 de octubre de 2022. Allí, según surge y en lo aquí pertinente, la señora O'Brien solicitó ser incluida como parte en la *Querella*. Asimismo, las partes acordaron someter mociones de sentencia sumaria, en conjunto con sus respectivos memorandos de derecho, para la disposición de la *Querella.*

A tenor con lo anterior, DACO emitió una *Notificación de Orden y Citación a Vista Administrativa*, el 24 de octubre de 2023. En virtud de esta, DACO, (1) declaró NO HA LUGAR la *Solicitud de Resolución Sumaria* presentada por PRSIR y la señora Juvelier el 16 de junio de 2021; (2) aceptó a la señora O'Brien como parte interventora en la *Querella*; (3) concedió a la señora O'Brien, a PRSIR y a la señora Juvelier un término de veinte (20) días para contestar la *Querella* y presentar sus mociones de sentencia sumaria; y (4) señaló los días 22 y 23 de noviembre de 2022 para llevar a cabo las vistas administrativas.

En cumplimiento con lo dictaminado, el 17 de noviembre de 2022, PRSIR y la señora Juvelier presentaron su *Contestación a Querella*. En la misma fecha, contestó la señora O'Brien. En sus respectivas contestaciones, PRSIR, la señora Juvelier y la señora O'Brien, negaron la mayoría de las alegaciones en su contra y presentaron sus defensas afirmativas. Asimismo, solicitaron la desestimación de la *Querella.* En adición, la señora O'Brien presentó una *Reconvención* contra el matrimonio Vedovato, y una *Querella contra Tercero*, contra la corredora independiente de bienes raíces contratada por el matrimonio Vedovato, la señora Mariángel Martí (en adelante, señora Martí). En apretada síntesis, la señora O'Brien

adujo, por medio de su *Reconvención* que, el matrimonio Vedovato incumplió con su obligación contractual al no comparecer al cierre del Contrato en la fecha estipulada. De otro lado, a través de la *Querella contra Tercero* alegó que, la señora Martí interfirió torticeramente con sus derechos, al cooperar con el matrimonio Vedovato a incumplir con el contrato. A tales efectos, la señora O'Brien solicitó a DACO que (1) declarara su derecho al recibo del depósito entregado por el matrimonio Vedovato; (2) ordenara el cumplimiento específico del Contrato y la entrega del depósito; (3) concediera una suma por daños extracontractuales causados por el matrimonio Vedovato y la señora Martí; (4) y, concediera el pago de honorarios de abogados y costas a su favor.

Posteriormente y también en cumplimiento con lo ordenado, el 12 de diciembre de 2022, el matrimonio Vedovato presentó su *Solicitud de Disposición Sumaria al Amparo de la Regla 11 del Reglamento de Procedimientos Adjudicativos del DACO*. Evaluada la *Solicitud*, DACO emitió una *Orden* el 22 de diciembre de 2022, notificada el 27 de diciembre de 2022, en la que ordenó a las partes a contestar la *Solicitud de Disposición Sumaria* presentada por la parte recurrida, en un término de veinte (20) días. Así pues, el 11 de enero de 2023, la señora O'Brien presentó su *Oposición a Solicitud de Disposición Sumaria al Amparo de la Regla 11 del Reglamento de Procedimientos Adjudicativos del DACO*.[5] En esa misma fecha, PRSIR y la señora Juvelier presentaron su *Oposición a Solicitud de Disposición Sumaria al Amparo de la Regla 11 del Reglamento de Procedimientos Adjudicativos del DACO*, a través de la cual, destacamos que, se unieron a la *Oposición* presentada por la señora O'Brien.

---

[5] Junto con su contestación a la *Querella*, la señora O'Brien presentó una *Solicitud de Desestimación al Amparo de la Regla 10.1 del Reglamento de Procedimientos Adjudicativos del DACO por Falta de Jurisdicción, Academicidad, y/o por Constituir una Querella Patentemente Inmeritoria*.

Precisa destacar que, el mismo 11 de enero de 2023, la señora O'Brien presentó dos (2) mociones ante DACO, a saber: *Moción Solicitando Anotación de Rebeldía* y *Moción en Solicitud de Expedición de Citación.* En virtud de la primera, la señora O'Brien adujo que, la señora Martí no había presentado su contestación a la *Querella contra Tercero* instada en su contra, dentro del término dispuesto en ley para ello, por lo que debía anotársele la rebeldía. Por medio de la segunda, la señora O'Brien solicitó a DACO que, citara a la señora Martí para su comparecencia a la vista señalada para el 24 de enero de 2023.[6] Cabe destacar que, conforme surge del expediente, DACO no realizó un señalamiento formal de vista administrativa para dicha fecha. No obstante, las partes comparecieron a la agencia el 24 de enero de 2023, y la vista administrativa fue celebrada.[7]

En la referida vista, DACO determinó que resolvería las mociones dispositivas en o antes del 7 de febrero de 2023. Asimismo, dictó que las partes tendrían diez (10) días para informar su disponibilidad en determinadas fechas del mes de marzo, por si surgía la necesidad de señalar alguna otra vista administrativa. No obstante lo anterior, al próximo día, el 25 de enero de 2023, DACO emitió y notificó una *Resolución.* Mediante la misma, el foro administrativo consignó las siguientes determinaciones de hechos:

1. Las partes querellantes se identifican en la presente querella como los Srs. Víctor M. y Shari Vedovato (Querellantes), residentes de Dorado, P.R. y con dirección postal, según surge del expediente administrativo, en 263 Dorado Beach East Dorado, P.R. 00646-2217.

2. La parte querellada se identifica en la presente querella como Jova Enterprises, LLC h/n/c Puerto Rico Sotheby's International Realty, Inc. (Jova), una corporación doméstica de responsabilidad limitada y con fines de lucro que está registrada y

---

[6] No surge del expediente disposición de DACO sobre dichas mociones, si alguna.
[7] Conforme surge, comparecieron a la vista las siguientes personas: la señora Vedovato, junto a sus representantes legales, licenciados Yulimar Zayas Pagán y Luis Vivoni López y, el señor Juan Segarra Palmer, como intérprete; la licenciada Frances Devaris Martínez, en representación de PRSIR y la señora Juvelier; y los licenciados Alfredo Fernández Martínez, Carlos Baralt Suárez y José Martínez Rivera, en representación de la señora O'Brien.

activa ante el Registro de Corporaciones y Entidades del Departamento de Estado del Gobierno de Puerto Rico desde el día 1 de septiembre de 2011 bajo el número 205431, cuyo Agente Residente es la Sra. Margaret Juvelier y dirección postal es 1052 Ashford Avenue San Juan, P.R. 00907.

3. La parte coquerellada se identifica en la presente querella como la Sra. Oriana Juvelier (Sra. Juvelier), corredora de bienes raíces, residente de San Juan, P.R. y con dirección postal, según surge del expediente administrativo, en 1052 Ashford Avenue San Juan, P.R. 00907.

4. La parte interventora en la presente querella se identifica como Sarah O'Brien Greene-Flaherty (Sra. O'Brien), residente de Dorado, P.R. y con dirección, según surge del expediente administrativo, en 357 Dorado Beach East Dorado, P.R. 00646.

5. El día 7 de mayo de 2021, los Srs. Víctor M. y Shari Vedovato firmaron un Purchase and Sale Contract (Contrato) donde acordaron con la Sra. [Sarah] O'Brien Green-Flaherty la compraventa de la propiedad localizada en 357 Dorado Beach en Dorado, Puerto Rico por la cantidad de cinco millones de dólares ($5,000,000.00), de los cuales los Compradores transferirían al Vendedor la cantidad de quinientos mil dólares ($500,000.00) como Depósito a ser guardados en la cuenta de fideicomiso (Escrow Account) de la corredora de bienes raíces, la Sra. Oriana Juvelier.

6. Entre las cláusulas del Contrato, se redactó una cláusula sobre inspección de la propiedad que lee como sigue:

*"(...) Purchaser represents and warrants to Seller that Purchaser has been informed of and granted access to the Property to conduct a complete and through examination of the same; and with the opportunity of during the Term period to inspect, Purchaser has been informed of his/her right to have the Property inspected by a licensed professional duly certified by the Commonwealth of Puerto Rico. This Contract is subject upon Purchaser having the right to engage a professional inspector, at Purchaser's sole cost, to determine the structure and condition of the property. The inspection shall be conducted and the contingency concluded within Twenty (20) calendar days from the date of the execution of this Contract (the "Inspection Period"). Failure from Purchaser to request an inspection within the allowed period will result in an automatic acceptance of the state of the property "AS IS, WHERE IS". Results of the inspection is no cause to terminate this Agreement and Purchaser's obligation to close on the purchase of the Property on the Closing Date.*

*For purposes of determining the Twenty (20) calendar day Inspection Period, the days occurring during said period in which the Inspection could not be performed, or Purchaser could not have access to the Property due to a Major Event should not be counted. For purposes of this Contract, the term "Major Event" is limited to lockdowns or inaccessibility to the Property for reasons attributable to the COVID-19 Pandemic and/or Acts of Nature such as hurricanes, floods, earthquakes, landslides, tornados, tsunamis, and storms ("Acts of Nature")(...)".* Cláusula 11.

7. Entre las cláusulas del Contrato, se redactó una cláusula sobre pacto de retención de depósito incondicional que lee como sigue: "(...) Upon any termination on this Agreement, the Earnest Money Deposit shall not be returned to Purchaser. (...)".

8. Los Querellantes entregaron el Depósito a Jova por conducto de la Sra. Juvelier.

9. El día 4 de junio de 2021, por conducto de representación legal los Querellantes solicitaron a la Sra. Juvelier y a Jova la devolución del Depósito, pero hasta el día 9 de diciembre de 2022, las mismas han retenido el mismo, negándose a devolverles el depósito.

10. El día 11 de junio de 2021, los Querellantes radicaron su querella ante el Departamento de Asuntos al Consumidor solicitando a [e]ste que declare nulo el contrato habido entre las partes por ser contrario a la ley, y que se ordene a la Sra. Juvelier y a Sotheby's la devolución inmediata del Depósito de quinientos mil dólares ($500,000.00) a los Vedovato con cualquier otro pronunciamiento que en derecho proceda, entre otros.

11. El día 14 de junio de 2021, Jova Enterprises, LLC radicó ante el Tribunal de Primera Instancia del Centro Judicial de Bayamón, Sala Superior (TPI), el caso civil DO2021CV00119 sobre Sentencia Declaratoria; Cumplimiento Específico de Contrato, presentando una *Moción de Consignación* donde, en esencia, consignó el Depósito provisto por los Querellantes, reclamando ciertos remedios.

12. El día 16 de junio de 2021, Jova Enterprises, LLC h/n/c/ Puerto Rico Sotheby's International Realty, Inc. y Oriana Juvelier radicaron ante el Departamento una *Solicitud de Resolución Sumaria al Amparo de la Regla 11 del Reglamento de Procedimientos Adjudicativos* donde, en esencia, solicitó la desestimación de la presente controversia por academicidad al haber consignado el Depósito en el TPI.

13. El día 4 de noviembre de 2021, los Querellantes radicaron ante el TPI una *Moción de Desestimación*

*y/o Paralización de los Procedimientos* y una *Moción en Réplica a Otra e Informativa* donde, en esencia, solicitan la paralización y/o desestimación de los procedimientos ante el TPI por existir la presente querella radicada con anterioridad.

14. El día 2 de febrero de 2022, el TPI emitió una *Sentencia* donde paralizó administrativamente la demanda presentada por la Sra. Sarah O'Brien Greene-Fraherty hasta tanto el Departamento de Asuntos del Consumidor resuelva la controversia sometida ante su consideración.

15. El día 6 de junio de 2022, tras múltiples trámites procesales, el Panel V del Tribunal de Apelaciones del Estado Libre Asociado de Puerto Rico [notificó] a las partes una *Sentencia* en el caso KLAN202200151 donde, en esencia, sostuvo la *Sentencia* del TPI bajo el fundamento que el DACO es quien tiene la jurisdicción para atender la controversia sobre nulidad de contrato bajo la Ley 10.

Tras esbozar las determinaciones de hechos, el foro administrativo concluyó lo siguiente:

En la presente querella, los Srs. Víctor M. y Shari Vedovato firmaron junto a la Sra. Sarah O'Brien Greene-Flaherty un contrato de opción a compra donde acordaron la compraventa de la Propiedad localizada en 357 Dorado Beach East en Dorado, Puerto Rico por la cantidad de cinco millones de dólares ($5,000,000.00), transfiriendo a la cuenta escrow de Jova Enterprises, LCC por conducto de la Sra. Oriana Juvelier la cantidad de quinientos mil dólares ($500,000.00) como Depósito.

En el Contrato, se pactó una cláusula de retención incondicional que indica que "(…) Upon any termination on this Agreement, the Earnest Money Deposit shall not be returned to Purchaser. (…)", aproximadamente traducido como: "al ocurrir cualquier cancelación de este Acuerdo, el Depósito no será devuelto al Comprador", cláusulas que han sido específicamente proscritas por nuestra Máxima Curia.

Toda vez que el TSPR ha determinado que dichas cláusulas son nulas por contradecir la ley y que, al existir las mismas, no es necesario adjudicar si efectivamente medi[ó] o no culpa del comprador en el fracaso de la compraventa proyectada, no resta más que aplicar el Derecho vigente a la presente controversia.

A tenor con lo anterior, DACO declaró CON LUGAR la Querella, y ordenó a PRSIR y a la señora Juvelier devolver el depósito de quinientos mil dólares ($500,00.00) al matrimonio Vedovato.

Inconforme, el 24 de febrero de 2023, la señora O'Brien presentó

ante este Tribunal de Apelaciones el recurso de *Revisión Judicial,* KLRA202300091 y sostuvo que, DACO cometió los siguientes errores:

> **Primer Error**: Erró el DACO al violarle el debido proceso de ley a la Sra. O'Brien al ignorar su reconvención, así como su querella contra la Sra. Mariángel Martí y solicitud para que la Sra. Martí fuera citada a testificar.

> **Segundo Error**: Erró el DACO al ignorar los términos y condiciones claros del *Purchase and Sale Contract* y ordenar la devolución del depósito al matrimonio Vedovato conociendo que el dinero no está en posesión de los querellados porque estaba depositado en el TPI de Bayamón.

De igual forma, en la misma fecha, PRSIR y la señora Juvelier presentaron el recurso de *Revisión Judicial,* KLRA202300092 y sostuvieron que, DACO cometió los siguientes errores:

> **Primer Error**: Erró el DACO al asumir jurisdicción para resolver una controversia que se había tornado académica.

> **Segundo Error**: Erró el DACO al ordenar a PRSIR y a Oriana Juvelier devolver un depósito que consta depositado en el Tribunal de Primera Instancia.

> **Tercer Error**: Erró el DACO al interpretar los términos y condiciones del contrato de compraventa.

El 28 de febrero de 2023, emitimos *Resolución* mediante la cual, ordenamos la consolidación de los recursos judiciales, KLRA202300091 y KLRA202300092, a tenor con las Reglas 17 y 80.1 del Reglamento del Tribunal de Apelaciones. En la misma *Resolución,* dispusimos hasta el 6 de marzo de 2023 para que las partes recurrentes acreditaran la notificación del *Recurso Judicial* presentado, a las partes y a DACO. Además, concedimos a la parte recurrida hasta el 27 de marzo de 2023 para exponer su posición. Tras varias incidencias procesales y una prórroga solicitada y concedida a la parte recurrida, esta última presentó su *Alegato en Oposición* ante este Tribunal, el 12 de abril de 2023.

Contando con la comparecencia de todas las partes, nos encontramos en posición para resolver el presente recurso.

## II

### A. *Jurisdicción*

Nuestro Tribunal Supremo, ha definido la jurisdicción como el poder que ostentan los tribunales para considerar y decidir los casos y las controversias que sean presentados a su atención.[8] Es normativa reiterada que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo que, los asuntos relativos a la jurisdicción son privilegiados y deben ser atendidos con prontitud.[9] La ausencia de jurisdicción puede ser levantada *motu proprio*, ya que, esta incide de forma directa sobre el poder del tribunal para adjudicar una controversia.[10]

La Alta Curia ha dispuesto que, para que un recurso quede perfeccionado es necesaria su oportuna presentación y notificación del escrito a las partes apeladas.[11] Una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso tardío o prematuro. Lo anterior, debido a que, una apelación o recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de falta de jurisdicción.[12] Su presentación carece de eficacia y, como consecuencia, no produce ningún efecto jurídico, pues no hay autoridad judicial para acogerlo.[13]

Un recurso de revisión tardío es aquel que se presenta fuera del término disponible para ello, y que, consecuentemente, manifiesta la ausencia de jurisdicción.[14] Desestimar un recurso por

---

[8] *Beltrán Cintrón v. ELA*, 204 DPR 89 (2020), *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019); *S.L.G. Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011).
[9] *Torres Alvarado v. Madera Atiles*, supra, pág. 500; *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009).
[10] *Allied Management Group, Inc. v. Oriental Bank*, 204 DPR 374 (2020); *Torres Alvarado v. Madera Atiles,* supra, pág. 500; *Ruiz Camilo v. Trafon Group Inc.,* 200 DPR 254, 268 (2018); *Suffront v. A.A.A.*, 164 DPR 663, 674 (2005).
[11] *González Pagán v. Moret Guevara*, 202 DPR 1062, 1070-1071 (2019).
[12] *MMR Supermarket, Inc. v. Municipio Autónomo de San Lorenzo*, 2022 TSPR 99 (2022); *Báez Figueroa v. Administración de Corrección*, 2022 TSPR 52 (2022); *Autoridad para el Financiamiento de la Infraestructura de Puerto Rico v. Carrión Marrero*, 2022 TSPR 34 (2022); *Yumac Home Furniture v. Caguas Lumber Yard*, 194 DPR 96, 107 (2015).
[13] *MMR Supermarket, Inc. v. Municipio Autónomo de San Lorenzo*, supra; *Báez Figueroa v. Administración de Corrección*, supra; *Autoridad para el Financiamiento de la Infraestructura de Puerto Rico v. Carrión Marrero*, supra.
[14] *MMR Supermarket, Inc. v. Municipio Autónomo de San Lorenzo*, supra.

ser tardío priva fatalmente a la parte de presentarlo nuevamente, ante ese mismo foro, o ante cualquier otro.[15] En cambio, la desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su consideración.[16]

Por consiguiente, un tribunal no tiene discreción para asumir jurisdicción donde no la hay. Si carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos, pues la falta de jurisdicción no es susceptible de ser subsanada.[17]

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones[18], confiere facultad a este Tribunal para que, a iniciativa propia o a petición de parte, desestime un recurso de apelación o deniegue un auto discrecional cuando este carezca de jurisdicción.

### B. La Revisión de Determinaciones Administrativas

El Artículo 4.006 (C) de la *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico*, Ley 201-2003, 4 LPRA sec. 24y, establece la competencia del Tribunal de Apelaciones. En lo pertinente, dispone que este Tribunal conocerá mediante recurso de revisión judicial, que se acogerá como cuestión de derecho, las decisiones, órdenes y resoluciones **finales** de organismos o agencias administrativas. (Énfasis nuestro).

Por su parte, la Sección 3.14 de la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAUG), 3 LPRA sec. 9654, dispone lo siguiente en cuanto a órdenes o resoluciones **finales** emitidas por las agencias administrativas:

> [...] La orden o resolución [final] deberá incluir y exponer separadamente **determinaciones de hecho** si

---

[15] *Yumac Home Furniture v. Caguas Lumber Yard*, supra, pág. 107.

[16] *Íd.*, Véase, además, *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000).

[17] *Íd.*; *Autoridad para el Financiamiento de la Infraestructura de Puerto Rico v. Carrión Marrero*, supra. *Mun. De San Sebastián v. QMC Telecom*, 190 DPR 652, 600 (2014); *Suffront v. A.A.A.,* supra, pág. 674.

[18] 4 LPRA Ap. XXII-B, R. 83.

éstas no se han renunciado, **conclusiones de derecho,** que fundamentan la adjudicación, la disponibilidad del recurso de reconsideración o revisión según sea el caso. La orden o resolución deberá ser firmada por el jefe de la agencia o cualquier otro funcionario autorizado por ley. [...] (Énfasis nuestro).

Nuestro más alto foro judicial ha explicado los objetivos que se persiguen para que los foros administrativos emitan determinaciones de hecho y conclusiones de derecho.[19] Al respecto ha enumerado las siguientes:

(1) proporcionar a los tribunales la oportunidad de revisar adecuadamente la decisión administrativa y facilitar esta tarea; (2) fomentar que la agencia adopte una decisión cuidadosa y razonada dentro de los parámetros de su autoridad y discreción; (3) ayudar a la parte afectada a entender por qué el organismo administrativo decidió como lo hizo, y, al estar mejor informada, poder decidir si acude al foro judicial o acata la determinación; (4) promover la uniformidad intraagencial, en particular cuando el proceso decisorio institucional es adoptado por distintos miembros de un comité especial a quienes les está encomendado celebrar vistas y recibir la prueba, y (5) evitar que los tribunales se apropien de funciones que corresponden propiamente a las agencias administrativas bajo el concepto de especialización y destreza.[20]

A la luz de este marco jurídico, procedemos a resolver.

### III

Como tribunal apelativo, en primer lugar, estamos obligados a examinar si tenemos jurisdicción para atender los recursos presentados. Veamos.

Conforme surge del tracto procesal previamente reseñado, luego de múltiples incidencias procesales, la señora O'Brien presentó su *Contestación* a la *Querella* presentada por el matrimonio Vedovato ante DACO. En su contestación, además de responder a las alegaciones en su contra y, de presentar sus defensas afirmativas, la señora O'Brien incluyó una *Reconvención,* contra el matrimonio Vedovato y, una *Querella contra Tercero,* contra la

---

[19] *Mun. de San Juan v. JCA,* 149 DPR 263, 281-282 (1999).
[20] *Íd., Rivera Santiago v. Srio. de Hacienda,* 119 DPR 265 (1987).

corredora de bienes raíces, contratada por el matrimonio Vedovato, la señora Martí. Luego de un minucioso análisis de los expedientes ante nuestra consideración, observamos que, la agencia administrativa aún no se ha expresado sobre estos últimos dos asuntos. Es decir, por medio de la *Resolución* que nos solicitan los recurrentes revisemos, nada dispone DACO sobre la *Reconvención* y la *Querella contra Tercero* presentada por la señora O'Brien. DACO atiende únicamente las cuestiones de la *Querella* presentada por el matrimonio Vedovato.

Como mencionamos, la competencia de este Tribunal de Apelaciones se limita a la revisión de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas. A tenor con la LPAUG, dichas resoluciones finales deben incluir, entre otras, determinaciones de hecho y conclusiones de derecho. En este caso, si bien DACO incluyó en su *Resolución* determinaciones de hecho y conclusiones de derecho, estas se limitan a los asuntos señalados en la *Querella* incoada por el matrimonio Vedovato, quedando pendiente de determinación final la *Reconvención* y la *Querella contra Tercero*, presentada por la señora O'Brien. En razón de ello, somos del criterio que, de los casos ante nuestra consideración, no surge una resolución final que podamos revisar. Consecuentemente, colegimos que, los recursos de epígrafe fueron presentados de forma prematura, lo que nos priva de autoridad para entender en los méritos de los mismos.

No obstante, lo aquí resuelto no impide que las partes recurrentes comparezcan nuevamente ante este Tribunal dentro del término jurisdiccional dispuesto por nuestro ordenamiento legal, ello, una vez el foro recurrido emita su dictamen conforme a lo aquí dispuesto.

**IV**

Por los fundamentos expuestos, se desestiman los recursos de epígrafe por falta de jurisdicción, al haberse incoado los mismos de manera prematura. Se devuelve el caso a DACO para la continuación de los procedimientos.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones