ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Parte Recurrida<br><br>v.<br><br>REYNALDO RIVERA MORALES<br><br>Parte Peticionaria | KLCE202301357 | ***Certiorari*** procedente del Tribunal de Primera Instancia, Sala de Arecibo<br><br>Caso Núm.<br><br>C VI2006G0032 (Sala 301)<br><br>Sobre:<br><br>A83/Asesinato 2do Grado |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres y la Jueza Rivera Pérez.

Rivera Pérez, Jueza ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de diciembre de 2023.

Comparece por derecho propio la parte peticionaria Sr. Reynaldo Rivera Morales (en adelante, Sr. Rivera Morales) mediante una *Solicitud de Certiorari* y nos solicita la revisión de la *Orden* emitida el 20 de octubre de 2023 y notificada el 23 de octubre de 2023 por el Tribunal de Primera Instancia, Sala Superior de Arecibo (en adelante, TPI). Mediante este dictamen, el TPI denegó la solicitud de la *Moción en Solicitud de Modificación de Sentencia* presentada por el Sr. Rivera Morales ante dicho foro.

Por los fundamentos que expondremos, se desestima el presente recurso de *certiorari* por falta de jurisdicción al ser prematuro.

**I**

Según surge de su escrito, el Sr. Rivera Morales fue convicto y sentenciado por cometer el delito de asesinato en segundo grado y violar nuestra ley de armas. El 4 de octubre de 2023, el Sr. Rivera Morales presentó una *Moción en Solicitud de Modificación de*

*Sentencia* ante el TPI.[1] En síntesis, el Sr. Rivera Morales solicitó mediante su moción una modificación de sentencia al amparo del Artículo 3 de la Ley Núm. 118 de 22 de julio de 1974, conocida como "*Ley de la Junta de Libertad Bajo Palabra*", 4 LPRA sec. 1503, según enmendada por la Ley Núm. 85-2022, de manera que los términos de prisión impuestos como parte de su sentencia se cumplieran concurrentemente.

El 20 de octubre de 2023, notificada el 23 de octubre de 2023, el TPI emitió la *Orden* recurrida, mediante la cual denegó dicha solicitud.[2] En su dictamen, el TPI dispuso específicamente lo siguiente:

> "Luego de evaluar la solicitud el Tribunal determina no modificar la sentencia impuesta."

Inconforme con la determinación anterior, el Sr. Rivera Morales acudió ante nos el 29 de noviembre de 2023 mediante la presente *Solicitud de Certiorari*, en la cual señala los errores siguientes:

> Erró el TPI al no modificar la sentencia según solicitado mediante la moción sometida. Esto a pesar de las opiniones, jurisprudencias y estado de derecho planteadas en ella.
>
> Erró el TPI al no modificar la sentencia. Esto sin emitir razón, fundamento y sin establecer las cuestiones en controversias, ni formular las determinaciones de hecho y las conclusiones de derecho con respecto a la misma.
>
> Erró el TPI al no conceder una vista evidenciaria para discutir los fundamentos de derecho planteados en la moción.

Conforme permite la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7(B)(5), este Tribunal puede "prescindir de términos no jurisdiccionales, específicos," escritos, notificaciones o procedimientos adicionales, ello "con el propósito de lograr su más justo y eficiente despacho [...]". En consideración a

---

[1] Véase, Anejo 2 de la *Solicitud de Certiorari*.
[2] Véase, Anejo 1 de la *Solicitud de Certiorari*.

lo anterior, relevamos a la parte recurrida de presentar su alegato en oposición a la expedición del auto de *certiorari*.

Luego de revisar el escrito del Sr. Rivera Morales y los documentos que obran en el expediente, estamos en posición de resolver.

**II**

**A.**

La jurisdicción de un tribunal se define como la autoridad que por una ley o la Constitución se le ha concedido al foro para considerar y decidir casos o controversias. *Cordero v. Oficina de Gerencia de Permisos*, 187 DPR 445, 456 (2012); *Shell v. Srio. Hacienda*, 187 DPR 109, 122 (2012); *Cruz Parrilla v. Depto. Vivienda*, 184 DPR 393, 403 (2012); *Solá Gutiérrez v. Bengoa Becerra*, 182 DPR 675, 682 (2011). En múltiples y variadas ocasiones se ha expresado que los tribunales debemos ser celosos guardianes de esa jurisdicción que nos ha sido concedida, examinando tal aspecto en primer orden, incluso cuando no haya sido planteado por ninguna de las partes. *Horizon Media Corp. v. Junta Revisora de Permisos*, 191 DPR 228, 234 (2014). Además, se ha señalado que los tribunales no tienen discreción para asumir jurisdicción donde no la hay. *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652 (2014); *Solá Gutiérrez v. Bengoa Becerra*, *supra*; *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009).

Un recurso tardío es aquel que se presenta pasado el término provisto para recurrir. *Yumac Home Furniture, Inc. v. Caguas Lumber Yard, Inc.*, 194 DPR 96, 107 (2015). Por su parte, un recurso prematuro es aquel que se presenta con relación a una determinación que está pendiente ante la consideración del tribunal apelado, es decir, que aún no ha sido finalmente resuelta. *Íd.* Un recurso prematuro, al igual que uno tardío, priva de jurisdicción al

tribunal al cual se recurre. *Íd.* No obstante, existe una importante diferencia en las consecuencias que acarrea cada una de estas desestimaciones. *Íd.* La desestimación de un recurso por ser tardío priva fatalmente a la parte de presentarlo nuevamente, ante ese mismo foro, o ante cualquier otro. *Íd.* En cambio, la desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su consideración. *Íd.*; *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000).

La Regla 83(C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C), autoriza al Tribunal de Apelaciones a desestimar un recurso, a iniciativa propia o solicitud de parte, cuando carezca de jurisdicción para atenderlo.

**B.**

En cuanto a los términos para presentar un recurso de revisión judicial ante el Tribunal Apelativo, la Sección 4.2 de la Ley Núm. 38-2017, según enmendada, conocida como *"Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico"*, 3 LPRA sec. 9672, dispone lo siguiente:

> "Una parte adversamente afectada por una orden o resolución final de una agencia y **que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente** podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración." (énfasis suplido).

La doctrina de agotamiento de remedios administrativos es una norma de autolimitación judicial que pretende lograr que las reclamaciones sometidas inicialmente a la esfera administrativa lleguen al foro judicial en el momento apropiado. *Colón Rivera v. ELA*, 189 DPR 1033, 1057 (2013); *Procuradora Paciente v. MCS*, 163

DPR 21, 35, (2004); *Asoc. Pesc. Pta. Figueras. v. Pto del Rey, Inc.*, 155 DPR 906, 916 (2001). Su propósito principal es evitar una intervención judicial innecesaria y a destiempo que tienda a interferir con el cauce y desenlace normal del procedimiento administrativo. *Procuradora Paciente v. MCS*, supra; *Mun. de Caguas v. AT&T*, 154 DPR 401, (2001); *Igartúa de la Rosa v. ADT*, 147 DPR 318 (1998). De esta forma, la agencia administrativa puede: (1) desarrollar un historial completo del asunto; (2) utilizar el conocimiento especializado o *expertise* de sus funcionarios para adoptar las medidas correspondientes de conformidad con la política pública formulada por la entidad; y (3) aplicar uniformemente sus poderes para poner en vigor las leyes, rectificar oportunamente sus errores o reconsiderar el alcance de sus pronunciamientos. *AAA v. UIA*, 200 DPR 903 (2018); *Procuradora Paciente v. MCS*, supra.

Esta doctrina aplica a aquellos casos en los cuales una parte que instó o tiene instada una acción ante una agencia administrativa, acude luego a un tribunal sin antes haber completado todo el trámite administrativo. Véase, *AAA v. UIA*, supra; *Colón Rivera v. ELA*, supra; *Mun. de Caguas v. AT & T*, supra. Es decir, "[e]l agotamiento de remedios presupone la existencia de un procedimiento administrativo que comenzó, o que debió haber comenzado, pero que no finalizó porque la parte concernida recurrió al foro judicial antes de que se completase el referido procedimiento administrativo". J. Echevarría Vargas, *Derecho Administrativo Puertorriqueño*, 4ta ed. rev., San Juan, Ed. SITUM, 2017, pág. 71.

La doctrina de agotamiento de remedios administrativos no debe ser soslayada, a menos que se configure alguna de las limitadas excepciones que bajo nuestro ordenamiento jurídico justifican preterir el trámite administrativo. Véase, *ORIL v. El Farmer, Inc.*, 204 DPR 229 (2020); *Igartúa de la Rosa v. ADT*, supra. Así, la Sección 4.3 de la Ley Núm. 38-2017, *supra*, dispone que:

"El tribunal podrá relevar a un peticionario de tener que agotar alguno o todos los remedios administrativos provistos en el caso de que dicho remedio sea inadecuado, o cuando el requerir su agotamiento resultare en un daño irreparable al promovente y en el balance de intereses no se justifica agotar dichos remedios, o cuando se alegue la violación sustancial de derechos constitucionales, o cuando sea inútil agotar los remedios administrativos por la dilación excesiva en los procedimientos, o cuando sea un caso claro de falta de jurisdicción de la agencia, o cuando sea un asunto estrictamente de derecho y es innecesaria la pericia administrativa."

El Tribunal Supremo ha resuelto que le corresponde a la parte que acude ante nos probar con hechos específicos y bien definidos la necesidad de obviar el cauce administrativo. *Procuradora Paciente v. MCS*, supra. No debemos olvidar que cuando "el agravio sea uno de 'patente intensidad al derecho del individuo que reclame urgente reparación', se puede utilizar el *injunction* para eludir el cauce administrativo". *S.L.G. Flores Jiménez v. Colberg*, 173 DPR 843, 852 (2008).

## c.

La Ley Núm. 118 de 22 de julio de 1974, según enmendada, conocida como *"Ley de la Junta de Libertad Bajo Palabra"* (en adelante, Ley Núm. 118-1974), 4 LPRA sec. 1501 *et seq.*, se aprobó, en términos generales, para reestructurar el sistema de libertad bajo palabra. A esos fines, se creó la Junta de Libertad Bajo Palabra (en adelante, Junta), adscrita al Departamento de Corrección y Rehabilitación, un organismo administrativo con funciones cuasi judiciales facultado para decretar la libertad bajo palabra de cualquier persona recluida en las instituciones correccionales del Estado que cumpla con los requisitos establecidos en la Ley Núm. 118-1974, *supra. Benítez Nieves v. ELA et al.*, 202 DPR 818 (2019). Además, se estableció su organización, autoridad, poderes y deberes. Véase, Artículos 1 y 3 de la Ley Núm. 118-1974, *supra.*

En virtud de las facultades que le fueron conferidas, la Junta adoptó para su funcionamiento el Reglamento Procesal de la Junta

de Libertad Bajo Palabra, Reglamento Núm. 9232, Departamento de Estado, 18 de noviembre de 2020. Mediante este Reglamento, se establecieron las normas procesales que rigen en el descargo de la función adjudicativa de la Junta.

En lo pertinente, el Reglamento Núm. 9232, *supra*, establece el procedimiento para la solicitud del privilegio de libertad bajo palabra ante la Junta. La Sección 9.1 (A) del Artículo IX del Reglamento Núm. 9232, *supra*, dispone que "[s]e entenderá solicitado formalmente el privilegio de libertad bajo palabra mediante el recibo del referido que a tales efectos remita la Administración de Corrección o a solicitud por escrito del peticionario."

Además, dicho Reglamento establece el procedimiento para solicitar reconsideración Junta y revisión judicial de la determinación final de la Junta concediendo o denegando el privilegio. Véase, Artículo XV del Reglamento Núm. 9232, *supra.*

### III

En su recurso de *certiorari*, el Sr. Rivera Morales señala que erró el TPI "al no modificar la sentencia según solicitado mediante la moción sometida [...] a pesar de las opiniones, jurisprudencias y estado de derecho planteadas en ella"; "al no modificar la sentencia [...] sin emitir razón, fundamento y sin establecer las cuestiones en controversias, ni formular las determinaciones de hecho y las conclusiones de derecho con respecto a la misma; y "al no conceder una vista evidenciaria para discutir los fundamentos de derecho planteados en la moción."

Evaluado el recurso ante nuestra consideración, determinamos por ser el mismo uno al amparo de las disposiciones de la Ley Núm. 118-1974, *supra*, mejor conocida como "*Ley de la Junta de Libertad Bajo Palabra*", procede su desestimación por falta de jurisdicción. El Sr. Rivera Morales acudió al tribunal sin antes

haber completado todo el trámite administrativo establecido en la Ley Núm. 118-1974, *supra*, y el Reglamento Núm. 9232, *supra*, para la solicitud del privilegio de libertad bajo palabra.

Existiendo un procedimiento administrativo que fue preterido, la presentación de este recurso resulta prematura, lo que nos priva de jurisdicción. El TPI tampoco tenía jurisdicción para atender esta solicitud.

**IV**

Por los fundamentos expuestos, se desestima el presente recurso de *certiorari* por falta de jurisdicción al ser prematuro.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís<br>
Secretaria del Tribunal de Apelaciones