JACQUELINE RODRÍGUEZ DÍAZ ET AL., demandantes y peticionarios, *v.* JAN PIERRE ZEGARRA ET AL., demandados y recurridos.

*Número:* CC-99-892          *Resuelto:* 27 de marzo de 2000

---

*Víctor M. Rivera Torres* y *Luis H. Sánchez Caso*, de *Rivera Colón, Rivera Torres & Ríos Berly*, abogados de los peticionarios; *Pedro J. Córdova*, abogado de los recurridos.

PER CURIAM:

## I

El 8 de junio de 1998 el Tribunal de Primera Instancia, Sala Superior de San Juan (Hon. Milagros Rivera Guadarrama, Juez), dictó una sentencia mediante la cual declaró con lugar la demanda en daños y perjuicios por impericia médica presentada por la Sra. Jacqueline Rodríguez Díaz, por sí y en representación de su hija Carla Tricoli Rodríguez, contra el Dr. Jan Pierre Zegarra *et al.* Copia de su notificación fue archivada en autos el 15 de junio.

El 18 de junio el codemandado Jan Pierre Zegarra presentó una Moción Solicitando Determinaciones de Hechos Adicionales y una solicitud de reconsideración. No obstante, el 16 de julio —*antes de que el tribunal de instancia resolviera esas mociones*— el doctor Zegarra apeló al Tribunal de Circuito de Apelaciones.

El 24 de julio el tribunal de instancia las denegó; su resolución fue archivada en autos el 28 de julio.

Así las cosas, la señora Rodríguez Díaz *et al.* solicitaron reiteradamente al Tribunal de Circuito de Apelaciones la desestimación de la apelación por falta de jurisdicción. Adujeron que a la fecha de su presentación —16 de julio— no podía acogerse el recurso, pues el tribunal de instancia retuvo jurisdicción con la oportuna presentación de la solicitud de determinaciones de hecho adicionales; interrupción jurisdiccional que no cesó hasta que la resolvió y notificó. En ese momento nació el término jurisdiccional apelativo de treinta (30) días para presentar la apelación.

Tras varios trámites procesales, el Tribunal de Circuito de Apelaciones (Hons. López Vilanova, Cordero y Feliciano Acevedo, Jueces) desestimó por falta de jurisdicción al concluir correctamente que, en efecto, la presentación de la apelación del doctor Zegarra fue prematura y debió esperar que el tribunal de instancia resolviera las mociones que tenía ante sí. No obstante, en su sentencia le ordenó al

tribunal de instancia que dejara sin efecto la Resolución de 24 de julio y emitiera una *nueva* resolución que adjudicara la solicitud de determinaciones de hecho adicionales. Fundamentó ese mandato en que el tribunal de instancia había actuado contrario a las normas que rigen los trámites apelativos. En específico, se fundamentó en la Regla 53.9 de Procedimiento Civil, 32 L.P.R.A. Ap. III, y en la Regla 18 del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A,(¹) dispositivas de que la presentación del escrito de apelación suspende automáticamente todos los procedimientos ante el tribunal de instancia, y por ende, dicho foro actuó sin jurisdicción al resolver ambas mociones; a juicio del Tribunal de Circuito de Apelaciones, lo procedente era que aguardara por su resolución.

A solicitud de la señora Rodríguez Díaz *et al.*, mediante trámite de mostración de causa, revisamos.(²)

---

(¹) Disponen, en lo pertinente:

"(a) Una vez presentado el escrito de apelación se suspenderán todos los procedimientos en los tribunales inferiores respecto a la sentencia o parte de la misma de la cual se apela, o las cuestiones comprendidas en ella, salvo orden en contrario, expedida por iniciativa propia o a solicitud de parte por el tribunal de apelación; pero el Tribunal de Primera Instancia podrá proseguir el pleito en cuanto a cualquier cuestión envuelta en el mismo no comprendida en la apelación; Disponiéndose, que no se suspenderán los procedimientos en el Tribunal de Primera Instancia cuando la sentencia dispusiere la venta de bienes susceptibles de pérdida o deterioro, en cuyo caso el Tribunal de Primera Instancia podrá ordenar que dichos bienes sean vendidos y su importe depositado hasta tanto el tribunal de apelación dicte sentencia." 32 L.P.R.A. Ap. III, R. 53.9(a).

"(1) *Suspensión.* —Una vez presentado el escrito de apelación, se suspenderán todos los procedimientos en el Tribunal de Primera Instancia respecto a la sentencia, o parte de la misma, de la cual se apela, o a las cuestiones comprendidas en ella, salvo orden en contrario, expedida por iniciativa propia o a solicitud de parte por el Tribunal de Circuito de Apelaciones; pero el Tribunal de Primera Instancia podrá proseguir el pleito en cuanto a cualquier cuestión implicada en el mismo no comprendida en la apelación." 4 L.P.R.A. Ap. XXII-A, R. 18(1).

(²) Plantea y discute los señalamientos siguientes:

"Erró el Tribunal de Circuito de Apelaciones al asumir jurisdicción para ordenarle al Tribunal de Primera Instancia que nuevamente resolviera una moción de determinaciones de hechos adicionales, pendientes a la fecha de radicarse la apelación, aún cuando correctamente concluyó que no tenía jurisdicción al haberse presentado el escrito de apelación prematuramente.

"Erró el Tribunal de Circuito de Apelaciones al dictar una orden requiriendo al Tribunal de Primera Instancia que vuelva a resolver una moción de determinaciones de hechos adicionales, aún cuando desestima una apelación por falta de jurisdicción al haberse presentado prematuramente.

## II

Todos los errores giran en una órbita común, a saber, la corrección del Tribunal de Circuito de Apelaciones al haber ordenado al tribunal de instancia que resolviera nuevamente la solicitud de determinaciones de hecho y conclusiones de derecho que había declarado sin lugar, aun cuando dicho foro desestimó por falta de jurisdicción por prematuridad. Tienen razón los peticionarios Rodríguez Díaz *et al.*

■ Sabido es que una *oportuna y bien formulada* solicitud de determinaciones de hecho adicionales —*Andino v. Topeka, Inc.*, 142 D.P.R. 933 (1997)— interrumpe, entre otros, los términos para interponer una apelación, un *certiorari* o un recurso de certificación. Según la Regla 43.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III, comienzan a transcurrir nuevamente tan pronto se archive en autos copia de la notificación de las determinaciones y conclusiones sometidas. También, la Regla 53.1(g)(1) de dicho cuerpo, 32 L.P.R.A. Ap. III, dispone que el término para apelar se interrumpirá por la oportuna presentación de una moción formulada de acuerdo con cualquiera de las reglas que a continuación se enumeran, y comenzará a computarse desde que se archive en autos copia de la notificación de cualquiera de las siguientes órdenes relacionadas con dichas mociones:

> (1) En las apelaciones al Tribunal de Circuito de Apelaciones provenientes del Tribunal de Primera Instancia, declarando con lugar o denegando una moción bajo la Regla 43.3 para enmendar o hacer determinaciones iniciales o adicionales de hechos, fuere o no necesaria una modificación de la sentencia si se declarare con lugar la moción.

---

"Erró el Tribunal de Circuito de Apelaciones al concluir que una apelación presentada prematuramente priva de jurisdicción al Tribunal apelado quien tiene sometido y no ha resuelto una moción solicitando determinaciones de hechos adicionales." Petición de *certiorari*, pág. 8.

■ Vemos, pues, que es a partir de la fecha en que el Tribunal de Primera Instancia resuelve la moción para solicitar determinaciones de hecho y conclusiones de derecho, que se abre otra vez el término jurisdiccional de treinta (30) días para que el interesado recurra en apelación al Tribunal de Circuito de Apelaciones.

Como bien resolvió el Tribunal de Circuito de Apelaciones, la presentación del escrito de apelación que hizo el doctor Zegarra fue *prematura*, antes de que el Tribunal de Primera Instancia resolviera la moción sobre determinaciones de hecho adicionales.

■ *Una apelación o un recurso prematuro, al igual que uno tardío, sencillamente adolece del grave e insubsanable defecto de falta de jurisdicción. Hernández v. Marxuach Const. Co.*, 142 D.P.R. 492 (1997); *Pérez v. C.R. Jiménez, Inc.*, 148 D.P.R. 153 (1999). Como tal, su presentación carece de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación no ha habido autoridad judicial o administrativa para acogerlo; menos, para conservarlo con el propósito de luego reactivarlo en virtud de una moción informativa. *Pueblo v. Santana Rodríguez*, 148 D.P.R. 400 (1999).

■ Si el Tribunal de Circuito de Apelaciones no tenía jurisdicción para entender en la apelación, tampoco la tenía para, usando como fundamento las precitadas Reglas 53.9(a) de Procedimiento Civil y 18 de su Reglamento, ordenar al Tribunal de Primera Instancia que resolviera de nuevo la moción para solicitar determinaciones de hecho adicionales que estaba pendiente al presentarse la apelación.

El efecto suspensivo que reconocen ambas reglas está apuntalado en la premisa de que el foro apelativo tiene jurisdicción en virtud de la apelación interpuesta. Lógicamente, de carecerla por prematura, como en el caso de au-

tos, la apelación no tiene el efecto suspensivo visualizado en esa normativa.

Por los fundamentos expuestos, *se dictará sentencia mediante la cual se expida el auto y se revoque la del Tribunal de Circuito de Apelaciones.*