ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **JOSÉ A. CASTILLO RODRÍGUEZ**<br><br>Recurrente<br><br>v.<br><br>**DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN**<br><br>Recurrida | KLRA202300471 | **REVISIÓN** procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.:<br>**F1-533-22** |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de septiembre de 2023.

Mediante escrito titulado "*Certiorari*", comparece ante nos, por derecho propio e *in forma pauperis*, José A. Castillo Rodríguez (Castillo Rodríguez o recurrente), actualmente confinado en la Institución Correccional Ponce Principal. Solicita que ordenemos al Departamento de Corrección y Rehabilitación (DCR) realizar el cómputo correcto de su hoja de liquidación de sentencia, según requirió en las solicitudes de remedio administrativo PP-636-23 y PP-694-23. A esta última, el DCR emitió la siguiente *Respuesta al Miembro de la Población Correccional*: "Se le dará seguimiento al área concernida para que emita la respuesta de la solicitud PP-636-23 y poder enviarle copia de dicha respuesta."

Por las razones que expondremos a continuación, se desestima el recurso por falta de jurisdicción.

**I.**

Según surge del expediente, el 15 de abril de 2023, Castillo Rodríguez instó una *Solicitud de Remedio Administrativo* (PP-636-23) ante la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación. En esencia, requirió que se

Número Identificador
SEN2023 _____

corrigiera el récord de su caso, específicamente la hoja de liquidación de sentencia. Adujo que su sentencia debió haber quedado en 49 años con seis (6) meses y de ahí en adelante descontar las bonificaciones adicionales que ameritara. Al no recibir respuesta, el 10 de mayo de 2023, Castillo Rodríguez incoó una nueva *Solicitud de Remedio Administrativo* (PP-694-23), mediante la cual solicitó que se atendiera su planteamiento previo.

El 23 de mayo de 2023, el DCR emitió una *Respuesta al Miembro de la Población Correccional*. La Evaluadora, Millieangerly Ortiz Moreno, expresó lo siguiente:

> Se le dará seguimiento al área concernida para que emita la respuesta de la solicitud PP-363-23 y poder enviarle copia de dicha respuesta.

Insatisfecho, el 29 de mayo de 2023, Castillo Rodríguez cursó una carta dirigida a la señora Ana Escobar, Secretaria del Departamento de Corrección y Rehabilitación. En esta, hizo un recuento de su caso y alegó que la División de Remedios Administrativos, donde se atienden los planteamientos de los confinados de la cárcel Ponce Principal, no trabajaba adecuadamente. Añadió que la oficina de récord penal no cumplía con sus deberes, referente a lo dispuesto en los reglamentos y leyes aplicables. Arguyó que la aludida oficina no adjudicaba el tiempo conferido por razón de estudios y/o trabajos de manera automática, por lo que los miembros de la población correccional tenían que solicitar la adjudicación de las bonificaciones devengadas por medio de solicitudes de remedios administrativos. Particularizó que ello representaba otro reto para los confinados. Del expediente no surge contestación de esta misiva.

Así las cosas, Castillo Rodríguez comparece ante este Foro mediante el recurso de revisión judicial que nos ocupa. Aduce que la agencia recurrida cometió los siguientes errores:

1) Erró la División de Remedios Administrativos al no contestar ni buscar una solución objetiva al planteamiento del peticionario mediante solicitud de Remedios Administrativos núm. PP-636-23 y PP-694-23 (Anejos 6b y 6c).

2) Erró la oficina de récords penal al computar en la hoja de liquidación de sentencia la pena de 99 años dictaminada al aquí peticionario a cumplir en años naturales bajo Código Penal de 1974.

3) Erró el Departamento de Corrección y Rehabilitación por medio de sus subalternos (técnicos sociopenales y oficina de récords penales) cuando violentaron las leyes que aplicaban en dicho caso, así como la sección uno (1) de la Constitución del Estado Libre Asociado de Puerto Rico en la Carta de Derechos al obviar la igual protección de la ley.

4) Erró el DCR por medio de sus subalternos (División de Remedios Administrativos) al hacer caso omiso a la solicitud hecha a través del recurso de remedios administrativos por el peticionario de epígrafe.

A tenor con la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, este Foro puede "prescindir de términos no jurisdiccionales, específicos," escritos, notificaciones o procedimientos adicionales, "con el propósito de lograr su más justo y eficiente despacho...". Ante ello, prescindimos de la comparecencia de la Oficina del Procurador General, en representación del Departamento de Corrección y Rehabilitación.

## II.

### A.

La Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, Ley Núm. 201–2003, según enmendada, 4 LPRA sec. 24 *et. als.*, instituye la facultad revisora del Tribunal de Apelaciones. En asuntos de índole administrativo, dicha Ley nos circunscribe a examinar órdenes o resoluciones finales. Particularmente, el Art. 4.006 (c), 4 LPRA sec. 24y de la Ley Núm. 201–2003 expone que:

"[m]ediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas".

Cónsono con lo anterior, la Regla 56 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 56, dispone que nuestra jurisdicción revisora se limita a determinaciones administrativas de carácter final. También la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), Ley Núm. 38 del 30 de junio de 2017, según enmendada, 3 LPRA sec. 9601 *et seq.*, establece que una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones. Sec. 4.2 de la LPAU, 3 LPRA sec. 9672. Asimismo, dicha sección expone, en lo pertinente:

> [...]
>
> Una orden o resolución interlocutoria de una agencia, incluyendo aquellas que se emitan en procesos que se desarrollen por etapas, no serán revisables directamente. La disposición interlocutoria de la agencia podrá ser objeto de un señalamiento de error en el recurso de revisión de la orden o resolución final de la agencia.
>
> La revisión judicial aquí dispuesta será el recurso exclusivo para revisar los méritos de una decisión administrativa sea ésta de naturaleza adjudicativa o de naturaleza informal emitida al amparo de este capítulo.
>
> Véase, además, *Comisionado Seguros v. Universal*, 167 DPR 21 (2006).

### B.

La jurisdicción es el poder de un tribunal para considerar y decidir los casos y controversias que tiene ante sí. *Pueblo v. Ríos Nieves*, 209 DPR 264, 273 (2022). Como es sabido, los tribunales deben ser guardianes celosos de su jurisdicción. Este asunto debe ser resuelto con preferencia, toda vez que la falta de jurisdicción no es susceptible de ser subsanada. El foro judicial carece de discreción para asumir jurisdicción donde no la hay. Si un tribunal se percata

que no la tiene, debe así declararlo y desestimar el caso. Véase, *El Pueblo de Puerto Rico v. Héctor M. Torres Medina*, 2023 TSPR 50, 211 DPR ____ (2023), resuelto el 21 de abril de 2023; *MCS Advantage, Inc. v. José L. Fossas Blanco y otros*, 2023 TSPR 8, 211 DPR ___ (2023), resuelto el 25 de enero de 2023; *Ruiz Camilo v. Trafon Group Inc.*, 200 DPR 254, 268 (2018).[1]

Cónsono con lo anterior, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXIIB, R. 83 (B) (1) y (C), nos faculta, por iniciativa propia o a la solicitud de parte, a desestimar un recurso cuando carecemos de jurisdicción para atenderlo. Ante la falta de jurisdicción, "procede la inmediata desestimación del recurso apelativo conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento de estos recursos". *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007).

En ese mismo orden, un recurso presentado antes del plazo aplicable (prematuro), al igual que el presentado luego del tiempo correspondiente (tardío), sencillamente adolece del grave e insubsanable defecto de falta de jurisdicción. En ambos casos, su presentación carece de eficacia y no produce ningún efecto jurídico. *Torres Martínez v. Ghigliotty*, 175 DPR 83, 97-98 (2008); *S.L.G. Szendrey-Ramos v. F. Castillo*, supra. La desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su consideración. *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015), citando a *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000).

### III.

En síntesis, el recurrente aduce que la agencia recurrida no ha resuelto ni contestado los planteamientos hechos por este,

---

[1] Véase, además, *Fideicomiso de Conservación de Puerto Rico y Para la Naturaleza, Inc. v. Oficina de Gerencia Permisos del Departamento de Desarrollo Económico y Comercio de Puerto Rico*, 2023 TSPR 26, resuelto el 14 de marzo de 2023.

referentes a las solicitudes de remedio administrativo PP-363-23 y PP-694-23. Añade que incluso sometió a la consideración de la Secretaria del DCR una misiva, sin éxito. Esboza que ello demuestra el agotamiento de todos los remedios administrativos disponibles.

Analizado el expediente con detenimiento, resulta claro que carecemos de jurisdicción para ejercer nuestra facultad revisora en la presente causa. Nótese que, a través del pronunciamiento recurrido, el cual fue emitido el 23 de mayo de 2023, el DCR no dilucidó, ni adjudicó derechos, obligaciones o privilegios de clase alguna. En esencia, la División de Remedios Administrativos del DCR, por medio de la Evaluadora, informó que se le daría seguimiento al área concernida para que emitiera la respuesta en la solicitud PP-636-23 del recurrente, relacionada a alegaciones de su hoja de liquidación de sentencia. Dicho dictamen no es uno final, sino interlocutorio.

Así las cosas, cualquier intervención de nuestra parte en esta etapa de los procedimientos sería inadecuada. Recordemos que nuestra función revisora solo procede ante determinaciones adjudicativas de carácter final. Toda vez que el recurso de referencia no versa sobre una resolución final del DCR, carecemos de jurisdicción para intervenir por este haberse presentado de forma prematura. El recurrente podrá acudir ante este Foro de la determinación final que emita el DCR, de entenderlo necesario.[2]

---

[2]Cabe señalar que, de una búsqueda en el Sistema Electrónico de Bibliotecas Integradas (SEBI), se desprende que el 24 de marzo de 2023, otro panel de este Tribunal dictó una *Sentencia* en el recurso *José A. Castillo Rodríguez v. Departamento de Corrección y Rehabilitación*, KLRA202300007. Allí, el recurrente impugnó el remedio administrativo F1-322-22, en el cual solicitaba la acreditación de bonificaciones al mínimo de su sentencia. De la referida *Sentencia* del recurso KLRA202300007 surge que, conforme la nueva *Hoja de Liquidación de Sentencia* del recurrente, fechada 3 de febrero de 2023, el DCR incluyó el nuevo mínimo de su sentencia a consecuencia de la revocación de la libertad bajo palabra, término que se cumplió el 26 de julio de 2021. Se concluyó que el reclamo del recurrente en dicho recurso se tornó académico, por haber cumplido el mínimo de su sentencia.

**IV.**

Por las consideraciones que anteceden, desestimamos el recurso por falta de jurisdicción por prematuro. Regla 83 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C). Devolvemos el asunto ante la agencia recurrida para la continuación de los procedimientos. El área concernida del DCR deberá emitir la respuesta correspondiente a Castillo Rodríguez a la brevedad posible, de no haberlo hecho a la fecha de este dictamen.

Además, se ordena al DCR entregar copia de la *Sentencia* de epígrafe al recurrente, en cualquier institución correccional donde este se encuentre.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones