Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| NORFE GROUP CORP. Y OTROS<br><br>Apelantes<br><br>v.<br><br>QBE INSURANCE CORP. Y OTROS<br><br>Apelados | KLAN202400922 | APELACIÓN<br>Procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.:<br>SJ2022CV02689<br><br>Sobre:<br>Incumplimiento de Contrato |

Panel integrado por su presidenta, la Juez Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm

Álvarez Esnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 8 de noviembre de 2024.

Comparece ante nos Norfe Group Corp. ("Norfe" o "Apelante") mediante *Apelación* recibida el 15 de octubre de 2024. Nos solicita que revoquemos la *Sentencia* dictada el 10 de septiembre de 2024, notificada el 13 de septiembre del mismo año, por el Tribunal de Primera Instancia, Sala Superior de San Juan ("foro primario" o "foro *a quo*"). Mediante el aludido dictamen, el foro primario declaró *Ha Lugar* la solicitud de sentencia sumaria presentada por Óptima Seguros y, por consiguiente, desestimó la causa de acción instada por el Apelante.

Por los fundamentos que expondremos a continuación, **desestimamos** la *Sentencia* apelada.

### I.

El 6 de abril de 2022, Norfe presentó *Demanda* sobre incumplimiento de contrato de seguros contra QBE Insurance Corp. ("QBE"), Óptima Seguros y ciertos demandados de nombre

Número Identificador

SEN2024_____

desconocido.[1]   En esencia, alegó que QBE aseguró el edificio comercial propiedad de Norfe mediante una póliza con vigencia de 9 de diciembre de 2016 al 9 de diciembre de 2017.  Argumentó que el paso del Huracán María en septiembre de 2017 causó daños significativos al edificio asegurado.  Igualmente, esgrimió que el edificio asegurado sufrió además de actos de vandalismo que destruyeron todo el sistema eléctrico y de aire acondicionado.  Aclaró que, con posterioridad al paso del Huracán María sobre Puerto Rico, Óptima Seguros compró los activos de QBE.  Además, adujo que, ante numerosas reclamaciones, tanto QBE como Óptima Seguros realizaron un esquema ilegal de ajustes para reducir en más de la mitad la reclamación del Apelante.  De igual forma, sostuvo que las aludidas aseguradoras  se negaron a pagar la partida solicitada por daños ocasionados por actos de vandalismo.  Ante esto, solicitó que se declarara que tanto QBE como Óptima Seguros eran responsables de pagar la totalidad de la cantidad solicitada por los daños de vandalismo, más el pago de gastos y honorarios de abogados.

Posteriormente, el 18 de enero de 2023, Óptima Seguros presentó *Contestación a la Demanda*.[2]   En esta, negó ciertas alegaciones, levantó defensas afirmativas y, consecuentemente, solicitó la desestimación de la acción instada por el Apelante.  Tras varios trámites procesales, los cuales no son necesarios detallar, el 1 de mayo de 2024, Óptima Seguros presentó *Moción de Sentencia Sumaria*.[3] En esta, esbozó que no existía controversia de hechos que impidiera que el foro primario desestimara el caso, toda vez que esta cumplió a cabalidad con los términos y condiciones de la póliza al atender y resolver las reclamaciones.

---

[1] Véase, Entrada Núm. 1 del Sistema Unificado de Manejo y Administración de Caso (SUMAC).
[2] Véase entrada número 28 de SUMAC.
[3] Véase entrada número 98 de SUMAC.

De otro lado, el 1 de julio de 2024, el Apelante presentó *Moción de Sentencia Sumaria Parcial.*[4] En resumen, adujo que no existían hechos materiales en controversia para determinar que, en el caso de marras, Óptima Seguros debía cumplir con lo pactado en el contrato de seguros. Igualmente, ese mismo día, Norfe presentó *Oposición a Sentencia Sumaria.*[5] En esencia, adujo que los argumentos para oponerse a ésta se sustentaban en la solicitud de sentencia sumaria parcial que el Apelante había presentado.

Por su lado, el 2 de agosto de 2024, Óptima Seguros presentó *Oposición a "Moción de Sentencia Sumaria Parcial".*[6] En esta, señaló que la solicitud de sentencia sumaria presentada por Norfe, además de carecer de evidencia documental para establecer los hechos consignados, lo que buscaba era que el foro primario aceptara una excepción a los términos y condiciones de la póliza y extendiera la cubierta a ciertos daños que estaban expresamente excluidos.

De otra parte, el 30 de agosto de 2024, el Apelante presentó *Breve Réplica a Oposición de Sentencia Sumaria Parcial* en la cual respondió a algunos de los argumentos que Óptima Seguros incluyó en su escrito de oposición.[7] Evaluadas las posturas de las partes, el 10 de septiembre de 2024, el foro primario emitió *Sentencia.*[8] En esta, declaró *Ha Lugar* la *Moción de Sentencia Sumaria* presentada por Óptima Seguros, y *No Ha Lugar* la *Moción de Sentencia Sumaria Parcial* presentada por Norfe. En consecuencia, desestimó la totalidad de la causa de acción incoada por el Apelante.

Así las cosas, el 23 de septiembre de 2024, Óptima Seguros presentó *Solicitud de Conclusiones de Derecho Adicionales Conforme a la Regla 43.1 de Procedimiento Civil para la Imposición de*

---

[4] Véase entrada número 117 de SUMAC.
[5] Véase entrada número 118 de SUMAC.
[6] Véase entrada número 127 de SUMAC.
[7] Véase entrada número 133 de SUMAC.
[8] Véase entrada número 136 de SUMAC.

*Honorarios de Abogados por Temeridad.*[9]  En lo pertinente, solicitó que se incluyera una conclusión de derecho a los efectos de imputarle temeridad al Apelante.

Inconforme con la *Sentencia*, el 15 de octubre de 2024, el Apelante presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

> Primer señalamiento de error: La juez de instancia abusó su discreción y erró al emitir una sentencia que contiene determinaciones de hechos impertinentes y omite hechos pertinentes.
>
> Segundo señalamiento de error: La juez de instancia abusó de su discreción y erró al emitir una sentencia que ignora toda la normativa legal aplicable.
>
> Tercer señalamiento de error: La juez de instancia abusó su discreción y erró al emitir una sentencia que ignora toda la evidencia material e irrefutable.
>
> Cuarto señalamiento de error: La juez de instancia abusó su discreción y erró al emitir una sentencia que no realiza ninguna inferencia permisible a favor de Norfe.

No obstante, el 7 de octubre de 2024, compareció Óptima Seguros mediante *Moción de desestimación por falta de jurisdicción bajo la regla 83 (B) del Reglamento del Tribunal de Apelaciones*. Mediante esta, argumentó que el foro primario no había resuelto la moción de conclusiones de derecho adicionales presentada por esta parte, por lo que el presente recurso se había instado de manera prematura.  Ante ello, solicitó la desestimación de la presente *Apelación* por falta de jurisdicción.  Atendida dicha moción, el 21 de octubre de 2024, emitimos Resolución en la cual le concedimos hasta el 25 de octubre de 2024 al Apelante para que presentara su postura en cuanto a la desestimación del recurso.  Oportunamente, el 22 de octubre de 2024, Norfe presentó *Moción en Cumplimiento de Orden* en el cual, esencialmente se allanó a la solicitud de

---

[9] Véase entrada número 138 de SUMAC.

desestimación presentada por Óptima Seguros. Evaluados ambos escritos procedemos a resolver.

## II.

### *A. Jurisdicción*

Como cuestión de umbral, antes de considerar los méritos de un recurso, a este Tribunal le corresponde determinar si posee jurisdicción para atender el recurso ante su consideración. *SLG Solá-Moreno et al v. Bengoa Becerra,* 182 DPR 675, 682 (2011). "[L]a jurisdicción es la autoridad con la que cuenta el tribunal para considerar y decidir los casos y controversias que tiene ante sí". *Miranda Corrada v. DDEC et al.,* 211 DPR 738, 745 (2023), citando a *Cobra Acquisitions, LLC v. Municipio de Yabucoa,* 210 DPR 384 (2022), 2022 TSPR 104, resuelto el 15 de agosto de 2022. "Es norma reiterada que los tribunales deben ser celosos guardianes de su jurisdicción y el foro judicial *no* tiene discreción para asumir jurisdicción allí donde no la hay". *Beltrán Cintrón et al. v. ELA et al.,* 204 DPR 89, 101 (2020).

Cuando los tribunales carecen de jurisdicción deberán así declararlo y desestimar el recurso. *González v. Mayagüez Resort & Casino,* 176 DPR 848, 855-856 (2009). Sobre ello, nuestra máxima Curia ha expresado lo siguiente:

> […] la ausencia de jurisdicción sobre la materia da lugar a las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) **conlleva la nulidad de los dictámenes emitidos;** (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) **puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*.** *Beltrán Cintrón et al. v. ELA et al., supra,* págs. 101-102 (Comillas y citas omitidas). (Énfasis nuestro). Véase, además, *SLG Solá-Moreno et al. v. Bengoa Becerra, supra*, pág. 682.

Un recurso prematuro al igual que uno tardío, "sencillamente adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre". *Julia Padró, et al v. Vidal, S.E.,* 153 DPR 357, 366 (2001); *Rodríguez* v. *Zegarra,* 150 DPR 649, 654 (2000). Sin embargo, existe una importante diferencia en las consecuencias que acarrean. La desestimación por tardío priva fatalmente a la parte de poder presentar el recurso nuevamente, ante el mismo foro o cualquier otro. No obstante, la desestimación de un recurso por prematuro permite que la parte que recurre pueda presentarlo nuevamente, una vez el foro apelado resuelve lo que estaba ante su consideración. *Yumac Home v. Empresas Masso,* 194 DPR 96, 107 (2015).

La presentación de un recurso prematuro carece de eficacia y no produce ningún efecto jurídico, pues en ese momento o instante en el tiempo (*punctum temporis*) no ha nacido autoridad judicial o administrativa alguna para acogerlo; menos, para conservarlo con el propósito de luego reactivarlo en virtud de una moción informativa. *Julia Padró et al v. Vidal, S.E.*, *supra*, pág. 367.

### B. Regla 43.1 de Procedimiento Civil

En nuestro ordenamiento jurídico una parte puede presentar ciertas mociones posterior a que se dicte una sentencia. Una de estas solicitudes es la contenida en la Regla 43.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 43.1. Esta dispone que:

> No será necesario solicitar que se consignen determinaciones de hechos a los efectos de una apelación, pero a moción de parte, presentada a más tardar quince (15) días después de haberse archivado en autos copia de la notificación de la sentencia, el tribunal podrá hacer las determinaciones de hechos y conclusiones de derecho iniciales correspondientes si éstas no se hubiesen hecho por ser innecesarias, de acuerdo con la Regla 42.2, podrá enmendar o hacer determinaciones adicionales o podrá enmendar la sentencia en conformidad. Si una parte interesa presentar una moción de enmiendas o determinaciones iniciales o adicionales, reconsideración o de nuevo juicio, éstas deberán presentarse en un solo escrito y el tribunal resolverá de igual manera. En todo caso, la

suficiencia de la prueba para sostener las determinaciones podrá ser suscitada posteriormente aunque la parte que formule la cuestión no las haya objetado en el tribunal inferior, no haya presentado una moción para enmendarlas o no haya solicitado sentencia. La moción de enmiendas o determinaciones iniciales o adicionales se notificará a las demás partes en el pleito dentro de los quince (15) días establecidos por esta regla para presentarla ante el tribunal. El término para notificar será de cumplimiento estricto.

En otras palabras, la moción que se presente por virtud de la precitada regla va dirigida a que "el tribunal que dicta una sentencia la corrija mediante enmiendas formulando determinaciones de hecho –a base de la prueba presentada en juicio— o conclusiones de derecho pertinentes al fallo". *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 262 (2018), citando a R. Hernández Colón, *Práctica Jurídica de Puerto Rico: derecho procesal civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 466.

Una vez se presenta una solicitud para que enmienden o formulen determinaciones iniciales o adicionales, el término para recurrir en alzada se interrumpirá para todas las partes hasta tanto se archive en autos copia de la notificación de la determinación de dicha moción. *Morales y otros v. The Sheraton Corp.*, 191 DPR 1, 10 (2014). No obstante, para que dicha interrupción se concretice, es necesario que se cumplan con las especificaciones que la propia norma establece. *Íd.* En ese sentido se necesita que toda solicitud de determinaciones de hechos adicionales contenga una propuesta que exponga, con suficiente particularidad y especificidad, los hechos que el promovente estima probados y se funde en cuestiones sustanciales. *Íd., supra*, citando Regla 43.2 de Procedimiento Civil, *supra.*

**III.**

Como cuestión de umbral nos corresponde examinar nuestra jurisdicción para atender en los méritos la *Apelación* presentada por Norfe.

En el caso que nos ocupa, el Apelante comparece ante esta Curia mediante *Apelación* en la cual nos solicita la revocación de una *Sentencia* emitida el 10 de septiembre de 2024 y notificada el 13 de septiembre del mismo año. Sin embargo, conforme surge del expediente, el 23 de septiembre de 2024, Óptima Seguros presentó una moción de conclusiones de derecho adicionales por virtud de la Regla 43.1 de Procedimiento Civil, *supra.* Como expusimos anteriormente, la aludida regla dispone que una parte podrá solicitar determinaciones de hechos y conclusiones de derecho adicionales en un término de quince (15) días desde el archivo en autos con copia de la notificación de la sentencia. Ahora bien, la Regla 43.2 de Procedimiento Civil, *supra*, dispone claramente **que la presentación de esta moción interrumpirá el término para apelar** y que este comenzará a **transcurrir nuevamente tan pronto se notifique y archive la resolución que resuelva dicha moción.**

En el presente caso, Óptima Seguros sometió oportunamente una moción de conclusiones de derecho adicionales la cual, al momento de la presentación del recurso de epígrafe no se había resuelto. Es decir, el término para comparecer mediante apelación ante este foro revisor no había comenzado a transcurrir, lo cual convierte el presente recurso en uno prematuro. Con estos antecedentes es forzoso concluir que carecemos de jurisdicción para atender en los méritos la *Apelación* presentada por Norfe.

**IV.**

Por los fundamentos anteriormente expuestos, desestimamos el presente recurso por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones