ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **CONSEJO DE TITULARES DEL CONDOMINIO ISLETA MARINA, representado por su JUNTA DE DIRECTORES**<br><br>Apelada<br><br>v.<br><br>**SUCESIÓN DE SONIA MARGARITA SANTIAGO ORTIZ compuesta por sus herederos ENIO E. MONTES SANTIAGO, ZOMARIE MONTES SANTIAGO y herederos de nombres desconocidos A, B & C y otros**<br><br>Apelante | KLAN202400888 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan**<br><br>Civil Núm.: **SJ2020CV05189**<br><br>Sobre: Cobro de Dinero |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

Cintrón Cintrón, Jueza Ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 10 de diciembre de 2024.

Comparece Elish Investment, LLC. (Elish Investment o parte apelante) y nos solicita que revisemos la *Sentencia* dictada por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan, el 18 de junio de 2024. En su dictamen, el TPI dictó sentencia en rebeldía contra la Sucesión de Sonia Margarita Santiago Ortiz, compuesta por Enio E. Montes Santiago y Zomarie Montes Santiago, y herederos de nombres desconocidos. Además, declaró *Con Lugar* la *Solicitud de Sentencia Sumaria* instada contra la parte aquí apelante.

Analizado el recurso presentado, se desestima por falta de jurisdicción. Veamos.

### I.

El 25 de septiembre de 2020, el Consejo de Titulares del Condominio Isleta Marina, representado por su Junta de Directores,

interpuso una demanda sobre cobro de dinero en contra de la Sucesión de Sonia Margarita Santiago Ortiz y otros. En esencia, se solicitó el pago de una deuda acumulada por concepto de cuotas de mantenimiento de un apartamento que estaban vencidas y no pagadas.

El 23 de febrero de 2021, el Consejo de Titulares del Condominio Isleta Marina requirió al foro de instancia que anotara la rebeldía y dictara sentencia en rebeldía en contra de la mencionada Sucesión, por no contestar la demanda en el término provisto por las Reglas de Procedimiento Civil y no comparecer al pleito de forma alguna. Precisó que, el 19 de enero de 2021, el periódico El Vocero publicó el emplazamiento por edicto que fuera autorizado por el Tribunal, mediante *Orden* dictada el 15 de diciembre de 2020, notificando de la presente causa de acción a la Sucesión de Sonia Margarita Santiago Ortiz. El aludido Consejo de Titulares añadió que no se había levantado controversia sobre el emplazamiento y su diligenciamiento, y que además se cumplió con el rigor del emplazamiento por edicto notificado a la última dirección conocida de los demandados.

El 20 de enero de 2023, el Consejo de Titulares del Condominio Isleta Marina incoó una *Moción Solicitando Acumulación de Parte Indispensable*. En esta, alegó que la hipoteca que pesaba sobre el apartamento concernido fue vendida en pública subasta a la compañía Elish Investment, por lo cual dicha entidad era parte indispensable en el caso por haberse convertido, de manera voluntaria, en la titular del inmueble. Arguyó que ésta respondía solidariamente con el transmitente del pago de las sumas adeudadas y reclamadas en la demanda. Así, solicitó al TPI enmendar la demanda para incluir a Elish Investment como parte demandada. El Tribunal autorizó la enmienda mediante *Orden* emitida el 24 de enero de 2023.

Luego de varios trámites[1], el 7 de junio de 2024, el Consejo de Titulares del Condominio Isleta Marina presentó una *Solicitud de Sentencia en Rebeldía y Sumaria*. En esta, enumeró nueve (9) hechos materiales que entendía estaban incontrovertidos. Esencialmente, adujo que no existía controversia sustancial de hechos materiales en cuanto a que: (1) había una deuda en concepto de cuotas de mantenimiento sobre la propiedad en cuestión; (b) Elish Investment es titular de dicho apartamento y (3) Elish Investment es un adquirente voluntario por lo que responde de la totalidad de la deuda reclamada. Por tanto, invitó al TPI a que: (a) anotara la rebeldía y dictara sentencia en rebeldía contra la Sucesión atañida y (b) dictara sentencia sumaria contra Elish Investment y ordenara el pago de las sumas reclamadas, así como una suma razonable en concepto de honorarios de abogado.[2] Elish Investment se opuso oportunamente a la moción de sentencia sumaria.[3]

Así las cosas, mediante *Sentencia* dictada el 18 de junio de 2024, el foro primario declaró *con lugar* la solicitud de anotación de rebeldía y sentencia en rebeldía instada contra la Sucesión de Sonia Margarita Santiago Ortiz. También declaró *con lugar* la solicitud de sentencia sumaria presentada contra Elish Investment.

En cuanto a la Sucesión, el TPI concluyó que:

[L]a parte demandante acreditó haber cumplido con las Reglas 4.6 y 4.7 de Procedimiento Civil respecto a la notificación de la Sucesión de Sonia Margarita Santiago Ortiz, incluyendo la publicación de edictos y el envío de copias del emplazamiento y la demanda por correo certificado con acuse de recibo. Posteriormente, el 23 de febrero de 2021, la parte demandante solicitó la anotación de rebeldía y que se dicte una sentencia contra la parte demandada debido a la falta de respuesta. La anotación de rebeldía en este caso también implica la admisión de las alegaciones afirmativas de la parte demandante. Dado que la Sucesión de Sonia Margarita Santiago Ortiz no

---

[1] Elish Investment contestó la demanda el 12 de diciembre de 2023.

[2] A esta solicitud se anejó una *Declaración Jurada* de la señora María Antonia Silva Vélez, presidenta del Condominio Isleta Marina; un estudio de título suscrito por Lord Title Service Co. y copia de la demanda.

[3] A esta moción se anejó: *Customer Ledgers* del Condominio Isleta Marina del 1 de enero de 2023 al 31 de julio de 2023 y del 1 de enero de 2017 al 4 de septiembre de 2020 y Carta dirigida a la Sucesión de Sonia Margarita Santiago Ortiz con fecha del 10 de septiembre de 2019.

respondió a la demanda dentro del término establecido y no presentó defensa alguna, se considera que ha admitido las alegaciones de la parte demandante. La parte demandante ha demostrado adecuadamente que la Sucesión de Sonia Margarita Santiago Ortiz adeudaba la cantidad de $6,927.29 al momento en que se presentó la demanda cuya cantidad continuó aumentando mes a mes por concepto de cuotas de mantenimiento, penalidades, intereses y derramas.

El 17 de julio de 2024, el foro de instancia emitió una *Notificación de Sentencia por Edicto*, en la cual se le expresó a la Sucesión concernida que ésta se publicaría una sola vez en un periódico de circulación general de Puerto Rico, dentro de los diez (10) días siguientes a su notificación.

El 30 de julio de 2024, Elish Investment solicitó reconsideración del dictamen en cuestión, a la cual se opuso el Consejo de Titulares del Condominio Isleta Marina. Mediante *Orden* dictada el 3 de septiembre de 2024, el foro *a quo* declaró *No Ha Lugar* la solicitud de reconsideración.

En desacuerdo, Elish Investment comparece ante este Tribunal y alega que el foro *a quo* cometió el siguiente error:

> Erró el Tribunal de Primera Instancia al dictar sentencia sumaria en favor de la parte demandante-apelada habiendo presentado en oposición la parte apelante evidencia de pago realizado.

El 21 de octubre de 2024, el Consejo de Titulares del Condominio Isleta Marina, representado por su Junta de Directores presentó una *Moción de Desestimación por Falta de Jurisdicción*. Alegó que el recurso de referencia solo fue notificado al representante legal de la parte apelada, omitiendo notificar a las otras partes codemandadas, específicamente a los miembros de la Sucesión de Sonia Margarita Santiago Ortiz, y a otros herederos desconocidos. Elish Investment se opuso y, a su vez, solicitó que se impusieran sanciones por temeridad. En particular, destacó que, como los miembros de la mencionada Sucesión nunca comparecieron al pleito, no había que notificarle el escrito de

apelación. Lo anterior, al palio de la Regla 65.3(c) de Procedimiento Civil y *Yumac Home v. Empresas Massó*, 194 DPR 96 (2015).

Procedemos a resolver.

**II.**

**A**.

Como es sabido, los tribunales deben ser guardianes celosos de la jurisdicción. Las cuestiones de jurisdicción deben ser resueltas con preferencia, toda vez que la falta de esta no es susceptible de ser subsanada. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 499-500 (2019). El foro judicial carece de discreción para asumir jurisdicción donde no la hay. Si un tribunal se percata que no tiene jurisdicción tiene que así declararlo y desestimar el caso. *Hernández Colón v. Policía de Puerto Rico,* 177 DPR 121, 135 (2009); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).

Cónsono con lo anterior, la Regla 83 (B) (1) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXIIB, R. 83 (B) (1) y (C), nos faculta, por iniciativa propia o a la solicitud de parte, a desestimar un recurso cuando carecemos de jurisdicción para atenderlo. Ante la falta de jurisdicción, "procede la inmediata desestimación del recurso apelativo conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento de estos recursos". *S.L.G. Szendrey-Ramos v. F. Castillo,* supra, pág. 883.

En ese mismo orden, un recurso presentado antes del plazo aplicable (prematuro), al igual que el presentado luego del tiempo correspondiente (tardío), sencillamente adolece del grave e insubsanable defecto de falta de jurisdicción. En ambos casos, su presentación carece de eficacia y no produce ningún efecto jurídico. *Torres Alvarado v. Madera Atiles*, supra, págs. 500-501; *Torres Martínez v. Ghigliotty*, 175 DPR 83 (2008); *S.L.G. Szendrey-Ramos v. F. Castillo*, supra. La desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro

apelado resuelve lo que estaba ante su consideración. *Yumac Home v. Empresas Massó*, supra, pág. 107, citando a *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000).

**B**.

La notificación y el archivo en autos de una copia de la notificación de una sentencia resulta ser una etapa crucial del proceso adjudicativo. Desde ese momento la sentencia se considera final mas no firme, pues de la misma se puede recurrir para solicitar un remedio apelativo. *Yumac Home v. Empresas Massó*, supra, págs. 105-106. Por ello "[l]a correcta y oportuna notificación de las órdenes y sentencias es requisito *sine qua non* de un ordenado sistema judicial. Su omisión puede conllevar graves consecuencias, además de crear demoras e impedimentos en el proceso judicial". *Íd.*[4]

En cuanto a la notificación de órdenes, resoluciones y sentencias, la Regla 65.3 (c) de Procedimiento Civil, 32 LPRA Ap. V, R. 65.3 (c), según enmendada[5], expresa, en lo pertinente al caso de autos, que:

> [...]
>
> **En el caso de partes en rebeldía que hayan sido emplazadas por edicto y que nunca hayan comparecido en autos o de partes demandadas desconocidas el Secretario o Secretaria expedirá un aviso de notificación de sentencia por edictos para su publicación por la parte demandante. El aviso dispondrá que este debe publicarse una sola vez en un periódico de circulación general en Puerto Rico dentro de los diez (10) días siguientes a su notificación e informará a la parte demandada de la sentencia dictada y del término para apelar. Copia del aviso de notificación de sentencia publicado será notificada a la parte demandada por correo certificado con acuse de recibo dentro del término de diez (10) días luego de la publicación del edicto a la última dirección conocida del demandado. Todos los términos comenzaran a computarse a partir de la fecha de la publicación del edicto la cual deberá acreditarse mediante una declaración jurada del (de la) administrador(a) o agente autorizado(a) del periódico**

---

[4] Citando a J.A. Cuevas Segarra, *Práctica procesal puertorriqueña: procedimiento civil*, San Juan, Pubs. JTS, 1979, Vol. II, pág. 436.

[5] Véase, Ley Núm. 44 de 3 de marzo de 2023.

**acompañada de un ejemplar del edicto publicado.** (Énfasis nuestro).

[...]

**III.**

Tras un examen minucioso del expediente ante nuestra consideración, notamos un asunto de índole jurisdiccional. Como dicta nuestro ordenamiento jurídico, este será atendido con primacía. La notificación de la *Sentencia* apelada contiene deficiencias que inciden en nuestra autoridad revisora. Veamos.

La Regla 65.3(c) de Procedimiento Civil, *supra*, dispone patentemente que, en los casos como el de autos, en el que una parte fue emplazada por edicto, se le anotó la rebeldía y nunca compareció al pleito, los términos comenzarán a computarse a partir de la fecha de la publicación del edicto que notifica el dictamen. Al pronunciar la sentencia, el Tribunal de Primera Instancia debe expedir un aviso de notificación de sentencia que debe ser publicado por edicto. Igualmente, dentro de los diez (10) días de publicado el edicto, procede enviar la copia del aviso de notificación de sentencia por correo certificado con acuse de recibo a la última dirección conocida del demandado, entiéndase la Sucesión de Sonia Margarita Santiago Ortiz.

Según expuesto, el 17 de julio de 2024, el Tribunal de Primera Instancia emitió una *Notificación de Sentencia por Edicto,* en la cual dispuso que el aviso de la *Sentencia* se publicaría una sola vez en un periódico de circulación general dentro de los diez (10) días siguientes a su notificación. Sin embargo, del expediente no surge que se cumplió con el aludido requisito.

Al mismo tiempo, el récord ante nos está carente de una declaración jurada del administrador o agente autorizado del periódico acompañando un ejemplar del edicto publicado[6], ni surge

---

[6] Regla 65.3 (c) de Procedimiento Civil, *supra.*

alguna nota de la Secretaría del Tribunal, en la cual se consigne la fecha y la forma en que fue efectuada la notificación, además de las personas que fueron notificadas. Más aun, tampoco surge notificación de la sentencia por correo certificado con acuse de recibo a la última dirección conocida de la Sucesión de Sonia Margarita Santiago Ortiz dentro de los diez (10) días después de la publicación del edicto. Las últimas direcciones de los únicos herederos identificados, Enio E. Montes Santiago y Zomarie Montes Santiago, están incluidas en la alegación número 7 de la demanda y son las siguientes: Condominio Isleta Marina, Torre I, Apartamento 4D, Fajardo, PR 00738 y Urbanización San Gerardo, 319 Nebraska, San Juan, PR 00926.

En vista de lo anterior, procede la desestimación del recurso de epígrafe por falta de jurisdicción, por ser uno prematuro. Una vez se realice el trámite dispuesto en la precitada Regla 65.3(c) de Procedimiento Civil, *supra*, comenzará a decursar el término para acudir ante este Foro.[7] Al ser ineficaz la *Sentencia* en rebeldía, todo trámite posterior resulta igualmente inoficioso.

Advierta la parte apelante que este Foro no está pasando juicio sobre los méritos de la *Sentencia*. Por ende, esta podrá recurrir en apelación, de entenderlo necesario, luego de que la notificación sea acreditada.

**IV.**

Por las consideraciones que anteceden, se desestima el recurso de epígrafe, por prematuro.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[7] Dicho trámite deberá acreditarse ante el TPI.