Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| JORGE A. FIGUEROA RODRÍGUEZ E ISABEL TORRES<br><br>Recurridos<br><br>v.<br><br>GREEN WINDOWS CORP.<br><br>Recurrente | KLRA202500056 | REVISIÓN ADMINISTRATIVA procedente del Departamento de Asuntos del Consumidor (DACo)<br><br>Caso núm.: SAN-2021-009831<br><br>Sobre: Contrato de Obras y Servicios |
|---|---|---|

Panel integrado por su presidenta la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 24 de febrero de 2025.

Comparece ante este tribunal apelativo, Green Windows Corp. (Green Windows o recurrente) mediante el recurso de epígrafe, solicitándonos que revoquemos la *Resolución En Reconsideración* emitida por el Departamento de Asuntos del Consumidor (DACo o recurrida) el 17 de octubre de 2022, notificada al día siguiente. Mediante dicho dictamen, el DACo decretó que, ante un reclamo de garantía, procedía ordenar a Green Windows a corregir las deficiencias y modificó la cuantía que el Sr. Jorge A. Figueroa Rodríguez y la Sra. Isabel Torres (recurridos) pagaron a $8,833.57. Resolvió, además, que respecto a la reclamación de daños, estos no quedaron probados.

Por las razones que expondremos a continuación, desestimamos el recurso presentado ante la falta de jurisdicción.

### I.

Del recurso ante nuestra consideración surge que, el 16 de agosto de 2021, los recurridos presentaron la querella de autos

contra Green Windows, designada alfanuméricamente SAN-2021-0009831.

El 9 de septiembre de 2022, notificada el 12 de septiembre siguiente, el DACo dictó una *Resolución* declarando *Ha Lugar* a la querella presentada. Además, ordenó a Green Windows a remover las ventanas de la residencia, reinstalar las ventanas anteriores y reembolsar a los recurridos $9,855.37, más $1,000 de honorarios de abogado.

El 3 de octubre de 2022, Green Windows instó una *Moción de Enmiendas y Determinaciones Adicionales de Hechos y de Derecho y Reconsideración*. Ese mismo día, los recurridos presentaron una *Moción de Enmienda a Resolución*, a los fines de corregir la cantidad exacta que pagaron, la cual debía leer $8,833.57. Solicitaron, además, que se adjudicaran los daños y perjuicios reclamados.

Evaluadas las mociones de reconsideración, el DACo modificó el remedio otorgado mediante la antedicha *Resolución* dictada del 9 de septiembre de 2022. Así las cosas, el 17 de octubre de 2022, notificada el 18 de octubre siguiente, el DACo dictó la *Resolución en Reconsideración* objetada. En esta indicó que, ante un reclamo de garantía, procedía ordenar a Green Windows a corregir las referidas deficiencias y modificó la cuantía que los recurridos pagaron a $8,833.57. En cuanto a la reclamación de daños, resolvió que los mismos no quedaron probados.

Surge de este dictamen que el mismo fue objeto de sendos recursos de reconsideración instados por las partes, el 24 y 28 de octubre de 2022, los cuales fueron declarados *No Ha Lugar*, mediante notificación del **10 de noviembre de 2022**.[1]

Luego de varios trámites, el 23 de diciembre de 2024, notificada ese mismo día, el DACo dictó una *Resolución de Relevo de*

---

[1] Véase, *Resolución de Relevo de Resolución*, Apéndice del Recurso, a la pág. 156.

*Resolución* en la que, entre varios dictámenes, declaró *No ha Lugar* a la solicitud de relevo de resolución que presentaran los recurridos y ordenó el estricto cumplimiento de la *Resolución en Reconsideración*. De igual manera, decretó *No Ha Lugar* a la *Solicitud de Orden Final Archivando la Querella y/o Reconsideración a Informe de Inspección* presentada por el recurrente.

Inconforme con esta determinación, el 23 de enero de 2025, el recurrente instó el presente recurso de revisión judicial en el que señaló el siguiente error:

> ERRÓ EL DACO AL CONCLUIR QUE LOS TRABAJOS REALIZADOS POR LA RECURRENTE EN LA RESIDENCIA DE LOS RECURRIDOS PARA CORREGIR LAS DEFICIENCIAS ENCONTRADAS POR EL INSPECTOR DEL DACO NO FUERON SATISFACTORIOS, QUE TODAVÍA HABÍA DEFECTOS QUE NO SE HABÍAN CORREGIDOS, Y AL ORDENAR A LA PARTE RECURRENTE REMOVER LAS VENTANAS INSTALADAS Y PAGAR A LA PARTE QUERELLANTE $8,833.37.

Examinado el recurso presentado, y a tenor de la determinación arribada, determinamos prescindir del escrito en oposición, según nos faculta la Regla 7 del Reglamento de Apelaciones, 4 LPRA Ap. XXII-A, R. 7.

**II.**

Es norma reiterada en nuestra jurisdicción que los tribunales debemos ser celosos guardianes de nuestra jurisdicción. La falta de jurisdicción de un tribunal no es susceptible de ser subsanada. Por ello, los tribunales están obligados a considerar dicho asunto, aun en ausencia de señalamiento alguno por las partes. Así pues, los asuntos jurisdiccionales deben resolverse con prelación a cualquier otro por ser cuestiones privilegiadas. *García v. Hormigonera Mayagüezana,*172 DPR 1, 7 (2007); *AAA v. Unión Abo. AAA,* 158 DPR 273, 279 (2002); *Sánchez et al. v. Srio. de Justicia et al.,* 157 DPR 360, 369 (2002); *Ponce Fed. Bank v. ChubbLifeIns. Co.,* 155 DPR 309, 332 (2001).

En este sentido, los tribunales deben estar alertas a su jurisdicción asegurándose en todo momento que tienen la facultad legal para entender en los recursos ante sí. Esto resulta de vital importancia en el proceso judicial pues una sentencia dictada sin jurisdicción, ya sea sobre las partes o la materia, resulta nula e ineficaz. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).

Cuando un tribunal acoge un recurso a sabiendas de que carece de autoridad para entender en él, actúa ilegítimamente. Por eso, cuando un tribunal no tiene jurisdicción o autoridad para considerar un recurso, procede que se desestime el mismo. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *S.L.G. Szendrey-Ramos v. F. Castillo*, supra, págs. 882-883.

Cónsono con lo anterior, la Sección 4.2 de la Ley núm. 38-2017, 3 LPRA Sec. 9672, conocida como Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAUG), dispone:

> Una parte adversamente afectada por **una orden o resolución final** de una agencia y que **haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente** podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones, **dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final** de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley cuando el término para solicitar la revisión judicial **haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración**. La parte notificará la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar dicha revisión. La notificación podrá hacerse por correo. Si la fecha de archivo en autos de copia de la notificación de la orden o resolución final de la agencia o del organismo administrativo apelativo correspondiente es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo.
> ... [Énfasis nuestro]

Así las cosas, una vez final y firme la decisión administrativa, comienza la fase del segundo procedimiento, que consiste en la

ejecución de la decisión de la agencia. Este procedimiento de ejecución de orden no debe ser confundido con el procedimiento de revisión judicial. *Industria Cortinera, Inc. v. P.R. Telephone Co.,* 132 DPR 654 (1993). Mientras que durante la revisión judicial, el foro judicial examina los méritos de la determinación de la agencia, "en la ejecución de orden, este implanta la determinación administrativa una vez adviene final y firme, sin pasar juicio sobre su corrección". *Ortiz Matías et al. v. Mora Development,* 187 DPR 649, 656 (2013). Es decir, este implanta la determinación administrativa una vez adviene final y firme, **sin pasar juicio sobre su corrección**. *Íd.*

**III.**

Como indicamos, es un asunto de umbral auscultar primeramente nuestra jurisdicción aun cuando ninguna de las partes lo hubiese planteado.

Luego de analizado el trámite procesal consignado por el recurrente y en la determinación recurrida, surge con meridiana claridad que en el presente caso no tenemos jurisdicción para atender el error planteado. Apuntalamos que la *Resolución en Reconsideración,* la agencia la dictó el 17 de octubre de 2022, notificada el 18 de octubre siguiente. Las reconsideraciones instadas por las partes fueron declaradas *No Ha Lugar* mediante *Resolución* notificada el 10 de noviembre de 2022. Por lo que, la *Resolución en Reconsideración* advino final y firme el 9 de enero de 2023. Por ende, no cabe duda de que Green Windows tenía hasta esa fecha para recurrir ante este foro apelativo. No obstante, el recurso se instó el 23 de enero de 2025, en exceso del término de 30 días que dispone la LPAUG.

De otra parte, no podemos obviar que el propio foro administrativo reconoció, en la *Resolución de Relevo de Resolución*

dictada y notificada el 23 de diciembre de 2024, que la *Resolución En Reconsideración* recurrida advino final y firme.[2]

Asimismo, en dicha *Resolución de Relevo de Resolución* el DACo diáfanamente especificó que el proceso llevado a cabo en la agencia, posterior a advenir final y firme la *Resolución En Reconsideración* recurrida, era con el propósito de atender los asuntos relativos a la ejecución de lo ordenado. Ante ello, consignó las facultades relativas a dicha etapa que dimanan de la Regla 30.4 del Reglamento de Procedimientos Adjudicativos del Núm. 8034 del 13 de junio de 2011 intitulada *Cumplimiento y Ejecución*.[3] Por ende, resulta forzoso colegir que lo resuelto en este dictamen está relacionado exclusivamente con la fase de poner en vigor la orden primaria.

Así las cosas, precisa enfatizar que, mediante el recurso de revisión judicial, el tribunal revisa los méritos y corrección de la determinación de la agencia mientras que en la ejecución de orden se implanta la decisión administrativa una vez adviene final y firme, sin pasar juicio sobre su corrección. *Ortiz Matías et al. v. Mora Development*, supra, a la pág. 656. A su vez, debemos advertir que el procedimiento de ejecución de una orden, **como lo es el presente caso**, no debe convertirse en un ataque colateral a la decisión ni en un mecanismo alterno de revisión judicial. *Íd.*, a la pág. 657.

Por último, puntualizamos, que el término para presentar el recurso de epígrafe es jurisdiccional el cual no es susceptible de ser prorrogado mediante causa justificada. Así pues, recordemos que, entre las instancias en las que un tribunal carece de jurisdicción

---

[2] Véase, Apéndice del Recurso, a la pág. 156.
[3] La Regla 30.4, *supra*, establece, en parte, que:

> El querellado que incumpla con una orden, o resolución será citado a vista mediante una Orden para Mostrar Causa por la cual no se le deba imponer una multa. La citación especificará que la imposición de la multa no releva a una parte del cumplimiento de la resolución y la cantidad a imponer por concepto de multa. ...

para adjudicar una controversia se encuentra la presentación tardía de un recurso. Un recurso tardío adolece del grave e insubsanable defecto de falta de jurisdicción y debe ser desestimado. *Rodríguez Díaz v. Pierre Zegarra,* 150 DPR 649 (2000). Por consiguiente, reiteramos que carecemos de jurisdicción para atender el recurso de epígrafe.

**IV.**

Por los fundamentos anteriormente expuestos, desestimamos el presente recurso por falta de jurisdicción. La juez Lebrón Nieves disiente sin opinión escrita.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones