ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| THOMAS HELFELD ARMENTEROS, MARINILDA SANTINI MARTÍN, y la sociedad legal de bienes gananciales compuesta por ambos,<br><br>Apelante,<br><br>v.<br><br>IVELISSE COLÓN DELGADO,<br><br>Apelada. | TA2025AP00291 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de Orocovis, Región Judicial de Aibonito.<br><br>Civil núm.: OR2024CV00080.<br><br>Sobre: nulidad de sentencia y desalojo de propiedad. |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 3 de septiembre de 2025.

El 28 de agosto de 2025, la parte apelante del título presentó este recurso. Examinado este, surge claramente de lo alegado por la parte apelante que el recurso fue instado de manera prematura; es decir, sin que el foro primario hubiera adjudicado la solicitud de reconsideración presentada por la parte apelante el 18 de agosto de 2025[1].

El 29 de agosto de 2025, la parte apelada presentó su solicitud de desestimación del recurso, por haberse presentado de manera prematura.

El 2 de septiembre de 2025, la parte apelante se opuso a la desestimación. Como parte de sus fundamentos, hizo alusión al aforismo popular que indica que: "ante la duda, saluda…"; una expresión desafortunada y carente de valor jurídico.

Como bien debía conocer el representante legal de la parte apelante, la doctrina prevaleciente dispone que los tribunales tenemos la obligación de ser los guardianes de nuestra propia jurisdicción. También, que la

---

[1] Valga apuntar que la parte apelante también indicó que había presentado una solicitud de determinaciones adicionales el 12 de agosto de 2025. La *Sentencia* en el caso fue emitida el 4 de agosto de 2025, notificada al día siguiente.

ausencia de jurisdicción no puede ser subsanada, ni un tribunal asumirla, atribuírsela o arrogársela cuando no la tiene. *Martínez v. Junta de Planificación*, 109 DPR 839, 842 (1980); *Maldonado v. Pichardo*, 104 DPR 778, 782 (1976). Por tanto, de determinarse que no hay jurisdicción sobre un recurso o sobre una controversia determinada, procede su desestimación. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009).

Una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso tardío o prematuro, pues "[…] adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre […] puesto que su presentación carece de eficacia y no produce ningún efecto jurídico […]". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008). A su vez, este Tribunal **no** puede conservar el recurso con el propósito de atenderlo y reactivarlo posteriormente. *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000).

Por su parte, la Regla 83(C) del Reglamento de este Tribunal de Apelaciones, según enmendado[2], nos permite desestimar un recurso o denegar un auto discrecional, a iniciativa propia, por los motivos consignados en el inciso (B) de la Regla 83. En específico, la Regla 83(B)(1) provee para la desestimación de un recurso por falta de jurisdicción.

Por tanto, y a la luz de la presentación prematura de este recurso, nos vemos obligados a **ordenar su desestimación**.

El Juez Sánchez Ramos concurre sin opinión escrita.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[2] Véase, *In re aprobación de Enmiendas al Reglamento del Tribunal de Apelaciones*, Resolución ER-01, 2025 TSPR 42, 215 DPR ___ (2025). Las enmiendas a nuestro reglamento entraron en vigor el 16 de junio de 2025.